**Mildred A. SIMON, Beth Jami Simon and Seth Eric Simon, Plaintiffs-Appellees,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Department of Health, Education and Welfare, Defendant-Appellant.**

**No. 76–3564.**

United States Court of Appeals, Ninth Circuit.

March 19, 1979.

Verrell L. Dethloff, Jr. (argued), Baltimore, Md., for defendant-appellant.

Harry Simon (argued), Van Nuys, Cal., for plaintiffs-appellees.

Before KILKENNY and ANDERSON, Circuit Judges, and SOLOMON *, District Judge.

PER CURIAM:

The Secretary of Health, Education and Welfare (HEW) appeals from a district court order which construed Mrs. Mildred A. Simon's 1970 application for retirement insurance benefits to include an application for child's insurance benefits.

We reverse.

The facts are not in dispute. In August 1970, Mrs. Simon applied for retirement insurance benefits under the Social Security Act, 42 U.S.C. § 402 (Act). At that time, Mrs. Simon's two children were eligible for child's insurance benefits under section 202 of the Act. A trainee claims representative of the Social Security Administration filled out the application for Mrs. Simon. Without asking Mrs. Simon if she had children, the trainee wrote "None" in answer to the question: "How many children do you have who may be eligible for benefits?" When the form was completed, Mrs. Simon was asked to sign her name beneath the words: "I certify that the above statements are true." Mrs. Simon signed the application without reading it.

Mrs. Simon's application was approved, and she received benefits for herself from August 1970.

Two years later, Mrs. Simon learned of the trainee's error and of her children's eligibility for benefits during those years. Mrs. Simon asked HEW to reconsider her application and award benefits to her children retroactive to August 1970. HEW refused. She filed an administrative appeal, and an administrative law judge held that the children were entitled to benefits beginning in August 1970. The Appeals Council reversed on the ground that Mrs. Simon had not applied for benefits for her children in 1970 and therefore did not comply with a substantive condition of entitlement. The Appeals Council held that the trainee's error in completing the form was insufficient to estop the government from requiring compliance with the terms of the Act. This became the final decision of the Secretary.

Mrs. Simon timely filed this action in the district court under section 205(g) of the Act, 42 U.S.C. § 405(g), to review the final decision of the Secretary. On summary judgment, the district court held that the doctrine of equitable estoppel applied and that HEW could not avail itself of Mrs. Simon's failure to apply for child's benefits in August 1970, but that her application at that time must be deemed as an application for child's insurance benefits on the part of her two children.

The issue of this appeal is whether the trainee's error was sufficient to estop HEW from enforcing the terms of the Act.

In *Johnson v. United States,* 572 F.2d 697 (9th Cir. 1978), we decided that filing an application is a substantive condition to receiving benefits under section 202 of the Act.[1] Here no application was made for Mrs. Simon's children until 1972. The Secretary therefore contends that, regardless of the trainee's error, the Act precludes HEW from lawfully awarding benefits retroactive to August 1970.

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

1. "Every child [as defined in section 416(e)] of an individual entitled to old-age or disability insurance benefits, . . . if such child—

(A) has filed application for child's insurance benefits . . ." shall be entitled to such benefits. Section 202(d)(1), 42 U.S.C. § 402(d)(1).

Mrs. Simon, on the other hand, argues that the court should not permit HEW to require strict compliance with section 202 when it was the trainee's fault that no application for the children was filed in 1970.

Our cases[2] have formulated a four-part test in determining when and whether equitable estoppel may be applied against the government. We need not decide in this case whether that test was satisfied because the doctrine of equitable estoppel may still not be invoked against the government in its sovereign capacity[3] unless that conduct can properly be called "affirmative misconduct." Mere neglect of duty is not enough. *INS v. Hibi,* 414 U.S. 5, 94 S.Ct. 19, 38 L.Ed.2d 7 (1973); *Shon Ning Lee v. INS,* 576 F.2d 1380 (9th Cir. 1978); *Santiago v. INS,* 526 F.2d 488 (9th Cir., *en banc,* 1975).

Here, the trainee was guilty of negligence, but that negligence does not amount to affirmative misconduct.

The district court therefore erred in invoking the doctrine of estoppel against HEW.

There is a further reason for our decision. In *United States v. Lazy FC Ranch,* 481 F.2d 985 (9th Cir. 1973), we said that it is now well established that "estoppel is available as a defense against the government if the government's wrongful conduct threatens to work a serious injustice and if the public's interest would not be unduly damaged by the imposition of estoppel." At 989.

Mrs. Simon filed a second application in July 1972 and was awarded child's insurance benefits retroactive to July 1971. The trainee's error deprived her of benefits to her children only between August 1970 and June 1971. We recognize that Mrs. Simon has suffered a loss, but we do not believe that her loss is of such magnitude and is so

serious that HEW should be estopped from enforcing the express terms of the Act.

Reversed.

2. *Morris v. Andrus,* slip op. 3762, (9th Cir. November 16, 1978); *United States v. Ruby Co.,* 588 F.2d 697, 703 (9th Cir. 1978); *United States v. Wharton,* 514 F.2d 406, 412 (9th Cir. 1975); *United States v. Georgia-Pacific,* 421 F.2d 92 (9th Cir. 1970).

3. In distributing benefits under the Act, the government acts in its sovereign capacity to carry out a governmental function for the benefit of the public.