**Annie MORGAN, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 85–1854.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 1985.

Decided Dec. 27, 1985.

Bruce A. Feder, Legal Assistance to the Elderly, Inc., San Francisco, Cal., for plaintiff-appellant.

Jerry J. Bassett, Gregg A. Frampton, Asst. Reg. Attys., Dept. of Health & Human Services, San Francisco, Cal., for defendant-appellee.

Before WRIGHT, KENNEDY, and BEEZER, Circuit Judges.

KENNEDY, Circuit Judge:

The Secretary of Health and Human Services denied the claim of Ms. Annie Morgan for retirement benefits, and she appeals. Morgan contends she relied on misinformation from the government, given in circumstances that amount to affirmative misconduct, and that the government is estopped to withhold the benefits. The district court granted summary judgment for the Secretary, and we now affirm.

Morgan has been employed since 1959 by the San Francisco Unified School District in a position not covered by the Social Security Act. On August 12, 1980, Morgan, then 63, visited a San Francisco office of the Social Security Administration (SSA) to inquire as to the amount of retirement benefits she would receive beginning in February 1982, when she would reach age 65. In response to her inquiry, a field representative handed her the following notice, styled "Social Security Estimate of Benefits":

> We are pleased to tell you that, according to our records and the date of birth you gave, your monthly payment will be about $159.50 beginning with the month of Feb. 17, 1982.
>
> We have estimated your benefit based on the earnings now shown on our records. Any social security earnings not yet recorded could, of course, increase the amount. We can tell you the exact amount and begin payments only after you apply for them.

The Estimate of Benefits notice is a standard form; the date and amount were inserted by the field representative. The entire interview took about ten minutes.

In November 1980, Morgan applied for Medicare. On January 25, 1982, SSA notified her that she was not eligible for premium-free hospital insurance because she did not have enough quarters of covered employment. On February 2, 1982, she again applied for hospital benefits as well as retirement insurance, and on March 8, 1982, she was notified by the SSA that "[n]either monthly benefits nor premium-free hospital insurance benefits are payable on your record because you have not worked long enough under Social Security." It is not disputed that Morgan needed twenty-eight quarters of covered employment to qualify for both programs. All concede, moreover, that both now and when she made her inquiry in 1982 she had but twenty-two covered quarters.

Morgan contends that the written information she received in 1980 was incorrect, and further that she relied upon it in not obtaining part-time work in addition to her duties with the school district, work which would have permitted her to accumulate the six additional quarters of covered employment requisite to eligibility. It is far from clear that the reliance she claims would be sufficient to establish traditional estoppel, but we need not reach the point as we conclude that no affirmative misconduct occurred.

The general requirements for estoppel of a private party are neither conclusive nor exhaustive when one seeks to bind the government. *Heckler v. Community Health Services*, 467 U.S. 51, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984). Beyond the four traditional elements of estoppel, *see, e.g., United States v. Georgia-Pacific Co.*, 421 F.2d 92, 96 (9th Cir.1970), estoppel against the government must rest upon affirmative misconduct going beyond mere negligence, *Simon v. Califano*, 593 F.2d 121, 123 (9th Cir.1979) (per curiam). Furthermore, estoppel will apply only where the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability. *Id.; United States v. Lazy FC Ranch*, 481 F.2d 985, 989 (9th Cir.1973).

Affirmative misconduct has not been demonstrated here. As the administrative law judge who heard Morgan's case observed, there was no evidence that Morgan disclosed to the field representative that she was in noncovered employment. In particular, there is no indication that Morgan inquired about her eligibility for benefits, rather than simply seeking an estimate of the amount of benefits she might hope to receive upon reaching age 65.

Since the required quarters of employment would have been earned by the date shown on the written form if Morgan had been engaged in covered employment, the information provided to Morgan arguably was not wrong at all based on the limited set of facts that the field representative had before him. *See Hansen v. Harris,* 619 F.2d 942, 955 (2d Cir.1980) (Friendly, J., dissenting), *rev'd sub nom. Schweiker v. Hansen,* 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981). Moreover, even assuming the field representative should have inquired about Morgan's employment status, the failure to do so was not so egregious that it can be classified as affirmative misconduct. *See Simon,* 593 F.2d at 122–23 (failure to ask if Simon had children not affirmative misconduct).

In *Schweiker v. Hansen,* 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981) (per curiam), the Supreme Court considered the question of estoppel in the context of a brief, casual contact with a government representative similar to that which occurred here. In *Hansen* the Court declined to find that a delay in filing for mother's insurance benefits to which Hansen was entitled, a delay attributable to erroneous advice from an SSA field representative, estopped the government from denying benefits retroactive from the date of the erroneous advice. The Court's discussion reflected the difficulty in ascertaining what had actually been discussed and what information had been provided to the government representative during the short interview. *See id.* at 789, 101 S.Ct. at 1471. The Court expressed concern that the government not be estopped from enforcing eligibility requirements "because of possibly erroneous replies to oral inquiries." *Id.* at 788, 101 S.Ct. at 1470.

These difficulties in establishing exactly what inquiries were made, and thereby the difficulty in assessing the degree of government misconduct, if any, that occurred, are exemplified in this case.

It is also unclear whether the injury complained of here is severe enough to justify estopping the government from enforcing congressionally mandated eligibility requirements.

Morgan received the correct information showing her to be ineligible for benefits at most eighteen months after her visit to the Social Security office. She did not then attempt to find employment to earn the six extra quarters, giving rise to concern as to whether she sustained the necessary injury to warrant recovery under an estoppel theory. We need not reach this issue, however, as no affirmative misconduct is shown in the case.

While we have held that the government conduct in this case did not amount to affirmative misconduct, we observe that the Estimate of Benefits form as presently written can give the mistaken impression that the recipient will be entitled to the benefits stated once application for them is made. Now that the ambiguity in the form has become apparent, the government should revise the form to avoid similar misunderstandings in the future.

The judgment of the district court is AFFIRMED.