**J. Alfred RIDER, M.D.,**
**Plaintiff–Appellant,**

**v.**

**UNITED STATES POSTAL SERVICE, an Executive Agency of the United States; United States of America, Defendants–Appellees.**

**No. 87–2622.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 1988.

Decided Dec. 5, 1988.

---

John D. O'Connor and Patrick J. Hogan, Tarkington, O'Connor & O'Neill, P.C., San Francisco, Cal., for plaintiff-appellant.

George Chris Stoll, Asst. U.S. Atty., San Francisco, Cal., for defendants-appellees.

Before WISDOM[*], BOOCHEVER and THOMPSON, Circuit Judges.

BOOCHEVER, Circuit Judge:

This appeal involves a claim against the United States Postal Service for failure to deliver third class mail within the time promised by a Postal Service employee. We affirm the dismissal because under the facts as alleged in the complaint the Postal Service cannot be estopped from denying the authority of the employee to make the representations.

Dr. Rider appeals from the dismissal of his complaint for failure to state a claim. We review such a dismissal de novo. *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir.1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 773 (1986). "To affirm this type of dismissal, it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Id.* (citations omitted). Thus, we assume the following allegations are true.

A Postal Service employee promised Dr. Rider that political materials that Dr. Rider wanted to send by third-class bulk mail would be delivered within forty-eight hours. In reliance on this promise Dr. Rider paid $34,200.00 to have the materials delivered. Some of the materials were not delivered within forty-eight hours. These materials lost their value because they were not delivered until during or after the election to which they pertained.

## DISCUSSION

All of Dr. Rider's claims stem from this alleged breach of contract. Under the relevant postal regulations postal employees do not have actual authority to guarantee the time of delivery of third class mail. Thus, unless the Postal Service is estopped from denying the authority of its employee to bind the Postal Service, Dr. Rider can prove no set of facts which would entitle him to relief.

■ The federal government may not be estopped on the same terms as other litigants. *Heckler v. Community Health Serv., Inc.*, 467 U.S. 51, 60, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984). In addition to the traditional requirements for estoppel, this Circuit requires a showing of "affirmative misconduct going beyond mere negligence." *E.g., Wagner v. Director, Fed. Emergency Management Agency*, 847 F.2d 515, 519 (9th Cir.1988). "Furthermore, estoppel will apply only where the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability." *Morgan v. Heckler*, 779 F.2d 544, 545 (9th Cir.1985).

The conduct in this case is not more egregious than in many cases in which no affirmative misconduct has been found. For example, in *Montana v. Kennedy*, 366 U.S. 308, 81 S.Ct. 1336, 6 L.Ed.2d 313 (1961), the petitioner contended that the government was estopped from denying him citizenship on the basis of his foreign birth. The Court found that a government official's erroneous statement that the petitioner's mother could not return to the United States because she was pregnant "falls far short of misconduct such as might prevent the United States from relying on petitioner's foreign birth." *Id.* at 314–15, 81 S.Ct. at 1341; *see also INS v. Miranda*, 459 U.S. 14, 17, 103 S.Ct. 281, 283, 74 L.Ed.2d 12 (1982).

[*] Honorable John M. Wisdom, United States Circuit Judge for the Fifth Circuit, sitting by designation.

In *Schweiker v. Hansen,* 450 U.S. 785, 788–89, 101 S.Ct. 1468, 1470–71, 67 L.Ed.2d 685 (1981), Hansen met with Connelly, a Social Security Administration field representative, and asked him whether she was entitled to benefits. He erroneously informed her she was not, and contrary to an internal administration handbook failed to advise her to file a written application. As a result, she was unable to recover benefits to which she would otherwise have been entitled. 450 U.S. at 786, 101 S.Ct. at 1470. The Court held that "Connelly's errors 'fal[l] far short' of conduct which would raise a serious question whether petitioner is estopped from insisting upon compliance with the valid regulation." *Id.* at 790, 101 S.Ct. at 1472 (quoting *Montana v. Kennedy,* 366 U.S. at 314, 81 S.Ct. at 1340).

In *Lavin v. Marsh,* 644 F.2d 1378 (9th Cir.1981) we held that even though Lavin was induced to join the Army Reserve by recruiters' erroneous representations that he would be entitled to pension benefits, these representations did not constitute affirmative misconduct. *Id.* at 1383–84. We stated that there was "no suggestion that the recruiters deliberately and knowingly lied about Lavin's eligibility for pension benefits." *Id.* at 1382. We also noted that there was "no pervasive pattern of false promises" but rather "a failure on the part of the Army to determine clearly Lavin's pension eligibility status or to counteract any misunderstanding." *Id.* at 1383–84.

Finally, in *Mukherjee v. INS,* 793 F.2d 1006 (9th Cir.1986) we held that an erroneous representation by a consular official did not amount to affirmative misconduct:

> [A]s a matter of law the government's actions in this case fall short of the affirmative misconduct necessary for estoppel. Nothing in the present case indicates a deliberate lie by the vice consul or a pattern of false promises. The vice consul here apparently mistakenly believed that Mukherjee was exempt from the two-year requirement, [and] told him so

> . . . .

*Id.* at 1009.

█ A simple misstatement is not affirmative misconduct. The fact that the incorrect information is given orally makes it even less likely to rise to the level of affirmative misconduct. The reason for treating oral misinformation differently is given in *Heckler v. Community Health Serv., Inc.,* 467 U.S. at 65, 104 S.Ct. at 2227:

> Written advice, like a written judicial opinion, requires its author to reflect about the nature of the advice that is given to the citizen, and subjects that advice to the possibility of review, criticism, and reexamination. The necessity for ensuring that governmental agents stay within the lawful scope of their authority, and that those who seek public funds act with scrupulous exactitude, argues strongly for the conclusion that an estoppel cannot be erected on the basis of the oral advice that underlay respondent's cost reports.

Dr. Rider does not claim that the government conduct in this case is more serious than an incorrect oral representation. Thus, this is not an appropriate case for estoppel.

The Seventh Circuit cases cited by Dr. Rider do not lead us to a different conclusion. In *Portmann v. United States,* 674 F.2d 1155 (7th Cir.1982) the court held that the district court was incorrect in holding that as a matter of law the Postal Service could not be estopped by an employee's misstatements in connection with Express Mail service. The court quoted the requirements for estoppel against the government as stated by the Ninth Circuit in *TRW, Inc. v. FTC,* 647 F.2d 942, 950–51 (9th Cir.1981), including affirmative misconduct, and remanded to the district court for a determination whether the Postal Service could be estopped under the applicable standard.

The Ninth Circuit treats affirmative misconduct as an essential requirement. *See, e.g., Wagner,* 847 F.2d at 519 ("A party seeking to raise estoppel against the government *must* establish 'affirmative misconduct going beyond mere negligence' " (emphasis added) (quoting *Morgan v. Heckler,* 779 F.2d 544, 545 (9th Cir. 1985))). Furthermore, the requirement of

affirmative misconduct appears to be mandated by *Schweiker v. Hansen,* 450 U.S. at 785, 101 S.Ct. at 1469, and *INS v. Miranda,* 459 U.S. at 14, 103 S.Ct. at 281. In both cases the Court refused to decide whether estoppel against the government would ever be appropriate, but held that in the absence of affirmative misconduct there could be no estoppel. *See Hansen,* 450 U.S. at 788–89, 101 S.Ct. at 1470–71; *Miranda,* 459 U.S. at 17–19, 103 S.Ct. at 282–84.

In *Azar v. United States Postal Serv., Inc.,* 777 F.2d 1265 (7th Cir.1985), the court upheld a district court finding that under the unique facts of that case, the Postal Service could appropriately be estopped by employees' misstatements. The court held that "affirmative misconduct is not a requirement in the unique situation in which a party seeks to estop the Postal Service from relying on Express Mail insurance limits." *Id.* at 1271. This holding was based in part on a distinction between the government acting in a proprietary function as opposed to a sovereign function, and in part on a finding that "Congress has manifested its intent, acknowledged by the Supreme Court in *Franchise Tax Bd. v. United States Postal Serv., Inc.,* 467 U.S. 512, 104 S.Ct. 2549, 81 L.Ed.2d 446 (1984) and by [the Seventh Circuit] in *Portmann,* 674 F.2d at 1168, to create in the Postal Service a nearly self-sustaining enterprise competitive with other commercial ventures." *Azar,* 777 F.2d at 1271.

We have rejected the distinction between sovereign and proprietary functions in deciding whether estoppel should apply. *See Wagner,* 847 F.2d at 519. The principle stated in *Franchise Tax Board* and relied on in *Azar* that "we must presume that the Service's liability is the same as that of any other business," *Azar,* 777 F.2d at 1271, does not lead to the conclusion that Congress intended the doctrine of estoppel to apply to the Postal Service as it does to a private business. That holding referred to the extent of the waiver of sovereign immunity in the "sue-and-be-sued" clause of 39 U.S.C. § 401(1). That section provides that the Postal Service may "sue and be sued in its official name." That is separate from the question of the substantive doctrine of estoppel against the government, although the doctrine of estoppel is related to the doctrine of sovereign immunity. *See, e.g., Portmann,* 674 F.2d at 1159.

Furthermore, while the "sue-and-be-sued" clause is a broad waiver of sovereign immunity, Congress has retained immunity for the Postal Service from tort claims "arising out of the loss, miscarriage, or negligent transmission of letters and postal matter." 28 U.S.C. § 2680(b); *see* 39 U.S.C. § 409(c); *Anderson v. United States Postal Service,* 761 F.2d 527, 528 (9th Cir. 1985). This substantial retention of sovereign immunity adds support to our holding that the Postal Service is not estopped on the same basis as private businesses in cases involving late delivery of mail.

## CONCLUSION

Because the government conduct that Dr. Rider claims occurred does not rise to the level of affirmative misconduct, we hold that his complaint was properly dismissed.

AFFIRMED.