Sharon Foster LANE, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 3:93–CV–0380–G.

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 17, 1993.

---

Lawrence L. Mealer, Law Office of Lawrence L. Mealer, Mutual of Omaha, Dallas, TX, for plaintiff.

Myrna B. Silen, U.S. Attorney's Office, Dept. of Justice, Dallas, TX, for defendant.

### MEMORANDUM ORDER

FISH, District Judge.

Before the court is the motion to dismiss or for summary judgment of the defendant United States of America (the "government"). For the reasons stated below, the motion is granted.

### I. BACKGROUND

Plaintiff Sharon Foster Lane ("Lane") brings this lawsuit to recover for injuries she received in November 1991, when she slipped and fell on a sidewalk at the Cotton Creek Apartments, a project in the possession of the United States Department of Housing and Urban Development ("HUD"). Prior to the time of Lane's accident, HUD entered into a contract with Midland Properties Management, Inc. ("Midland Properties") whereby Midland was to provide necessary personnel, materials, equipment, supplies and facilities to manage the Cotton Creek Apartment project in HUD's best interest. Under the contract, HUD remained the owner of the property.

Shortly after Lane's accident, her attorney, Lawrence L. Mealer ("Mealer"), sent a letter to Midland Properties requesting that it provide him information as to possible liability. He concluded his letter by stating, "[i]f I receive no further communications from anyone in regard to this matter, I shall have no alternative but to assume that liability is being denied...." [1] Midland Properties responded to Mealer's letter by sending a copy of it to HUD's office in Fort Worth, Texas.

On March 23, 1992, Charlene A. Berry ("Berry"), Associate Regional Counsel for HUD, sent Mealer a letter confirming her receipt of his Midland Properties correspondence and informing him of the procedure for Lane to follow if she wished to pursue a claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 and 2671 et seq.[2] On July 7, 1992, Mealer submitted Lane's FTCA claim. Because the government failed to respond to her claim, Lane filed suit against it in this court on February 24, 1993.

The government seeks by this motion summary judgment that the FTCA immunizes it from suit on the grounds that Midland Properties is an independent contractor as defined by the statute.

### II. ANALYSIS

#### A. Evidentiary Burdens on Motion for Summary Judgment

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P.

---

1. Lane's Response, exhibit 2.

2. See Lane's Response, exhibit 3.

56(c).[3] "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The movant makes such a showing by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *See Celotex Corporation v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Once the movant makes this showing, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 323–24, 106 S.Ct. at 2552–53. To carry this burden, the opponent must do more than simply show some metaphysical doubt as to the material facts. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Instead, she must show that the evidence is sufficient to support a resolution of the factual issue in her favor. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510. All of the evidence must be viewed, however, in a light most favorable to the motion's opponent. *Id.* at 255, 106 S.Ct. at 2513–14 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970)). Summary judgment is properly entered against a party if after adequate time for discovery, she fails to establish the existence of an element essential to her case and as to which she will bear the burden of proof at trial. *Celotex*, above, 477 U.S. at 322–23, 106 S.Ct. at 2552–53.

### B. *The FTCA Shields the Government From Liability in this Case*

■ The FTCA is a limited waiver of sovereign immunity which subjects the United States to liability for personal injury or death caused by "the negligent or wrongful act or omission of any employee of the Government...." 28 U.S.C. § 1346(b). "An employee of the government" includes "officers or employees of any federal agency...." 28 U.S.C. § 2671. " 'Federal agency' includes the executive departments ... and ... inde-

pendent establishment of the United States ... but does not include any contractor with the United States." 28 U.S.C. § 2671. By the terms of the statute, independent contractors are not government employees and the United States is not liable for their negligence. *See United States v. Orleans*, 425 U.S. 807, 813–14, 96 S.Ct. 1971, 1975–76, 48 L.Ed.2d 390 (1976); *Logue v. United States*, 412 U.S. 521, 528, 93 S.Ct. 2215, 2219–20, 37 L.Ed.2d 121 (1973).

The facts of this case are not in dispute. Lane does not contest the government's assertion that Midland Properties is an independent contractor under the terms of the FTCA. Nor does she dispute the general proposition that under the FTCA, the government is not liable for personal injuries resulting from the negligence of its independent contractors. Instead, she argues that the government is estopped, under the doctrine of equitable estoppel, from relying on its immunity under the FTCA. Specifically, Lane maintains that the Berry correspondence of March 23, 1992 constitutes an effort by the government to mislead her into thinking that she should seek redress for her injuries from the government, not Midland Properties.

■ Courts apply the doctrine of equitable estoppel to the federal government in only the narrowest of circumstances. *See Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 60, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984); *Moody v. United States*, 783 F.2d 1244, 1246 (5th Cir.1986) (citations omitted). "A private individual asserting estoppel against the government has a very heavy burden to bear." *Jones v. Dept. of Health & Human Services*, 843 F.2d 851, 853 (5th Cir.1988). One who seeks to invoke the doctrine against the United States must prove the government's actions constitute "affirmative misconduct," in addition to satisfying the four traditional elements of equitable estoppel. *See United States v. Lair*, 854 F.2d 233, 237–38 (7th Cir.1988); *Jaa v. United States Immigration and Nat-*

---

**3.** The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, af-

fords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir.1986).

*uralization Service,* 779 F.2d 569, 572 (9th Cir.1986). To satisfy the four traditional elements, a plaintiff must prove: (1) that the party to be estopped was aware of the facts; (2) that the party to be estopped intended his act or omission to be acted upon; (3) that the party asserting estoppel did not have knowledge of the fact; and (4) that the party asserting estoppel reasonably relied on the conduct of the other to her injury. *Moody,* 783 F.2d at 1246.

■ Lane maintains that because Berry sent Mealer a letter and form explaining the procedure to be followed in filing a claim under the FTCA, the government is estopped from now contending that the FTCA immunizes it from suit. Lane also maintains that the government should have informed her of Midland Properties' independent contractor status immediately upon receiving her claim. Due to these acts and omissions, Lane argues, the government is equitably estopped from claiming immunity under the FTCA.

The court is unpersuaded. Even if Lane could satisfy the four traditional elements required to invoke the doctrine of equitable estoppel (a dubious proposition), Lane cannot satisfy her burden of proving "affirmative misconduct" on the part of the government. Berry's letter purports to do nothing more than explain the procedure to be followed in pursuing an FTCA claim. It neither accepts nor denies responsibility for Lane's injuries. In fact, it appears to be the type of letter that Berry would send to any individual inquiring with HUD about liability for personal injury. For Lane or Mealer to construe Berry's letter as an acceptance of liability or device to shield Midland Properties from suit is unreasonable. *Cf. Moody,* above, 783 F.2d at 1246 (explaining that reliance must be reasonable). However, even assuming such a construction, Berry's letter would not be sufficient to constitute "affirmative misconduct." *See Crown v. United States Railroad Retirement Board,* 811 F.2d 1017, 1021 (7th Cir.1987) ("reliance on misinformation provided by a government employee does not provide a basis for an estoppel"); *Morgan v. Heckler,* 779 F.2d 544, 545 (9th Cir.1985) (affirmative misconduct must be more than

negligence); *Goldberg v. Weinberger,* 546 F.2d 477, 481 (2d Cir.1976), *cert. denied,* 431 U.S. 937, 97 S.Ct. 2648, 53 L.Ed.2d 255 (1977) ("Even detrimental reliance on misinformation ... will not excuse a failure to qualify for benefits under the relevant statutes and regulations"). Additionally, there exists a strong presumption against the notion that a government agent, by her conduct or statements, "might waive or revise the laws as enacted by Congress." *Housing Authority of Elliott County v. Bergland,* 749 F.2d 1184, 1190 (6th Cir.1984).

Moreover, the government's unexplained delay in processing her FTCA complaint does not constitute affirmative misconduct. *See Jaa,* above, 779 F.2d at 572 (citing *INS v. Miranda,* 459 U.S. 14, 18–19, 103 S.Ct. 281, 283–84, 74 L.Ed.2d 12 (1982)).

### III. CONCLUSION

Lane has failed to show a genuine issue of material fact concerning affirmative misconduct by the government, an issue on which she would have the burden of proof at trial to successfully invoke the doctrine of equitable estoppel against the government. Her allegations of "misconduct" fail as a matter of law to demonstrate the kind of "affirmative misconduct" necessary to invoke an estoppel. Because neither party contests that the government is immune from suit under the FTCA, the defendant's motion for summary judgment is **GRANTED.**

**SO ORDERED.**

### *JUDGMENT*

For the reasons stated in the memorandum order of this date, it is **ORDERED** that plaintiff take nothing against defendant on her claims in this case.