**George M. VARGO, Plaintiff,**

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No.  94–CV–6235L.**

United States District Court, W.D. New York.

July 24, 1995.

---

George M. Vargo, Corning, NY, pro se.

Brian M. McCarthy, Asst. U.S. Atty., Rochester, NY, for defendant.

## ORDER

LARIMER, Chief Judge.

Plaintiff, George M. Vargo, *pro se*, commenced this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), to review a final determination of the Secretary of Health and Human Services ("the Secretary") denying his application for retroactive widower's insurance benefits from the period between September 9, 1989 and July 1991. Pending before the Court is the Secretary's motion pursuant to Fed.R.Civ.P. 12(c) for judgment on the pleadings. For the reasons that follow, the Secretary's motion is granted, the final determination of the Secretary is affirmed and the complaint is dismissed.

## BACKGROUND

The following facts are undisputed. On July 16, 1991, plaintiff filed an application for retirement insurance benefits under the Act based on his earnings record. On August 16, 1991, plaintiff filed an application for widower's insurance benefits, based on the earnings record of his first wife, who died on October 15, 1962. The widower's insurance benefits application was given a protective filing date of July 16, 1991, the date that plaintiff had applied for retirement benefits.

Plaintiff was granted widower's benefits from July 1991 through September 1991, at which time he began to receive his retirement benefits, since he turned 62 years of age that month and the amount of his retirement benefits was greater than the amount of his widower's benefits.

In August 1986 plaintiff had requested and received a "Social Security Estimate of Benefits" ("the estimate") which showed the monthly amount of benefits plaintiff could expect to receive if he retired at age 62 or age 65. (AR [1] 51). The estimate did not reflect the possibility that plaintiff would be entitled to widower's benefits.

---

1. "AR" signifies the Administrative Record.

At the time he requested the estimate, plaintiff was married to his second wife, and would not have been entitled to widower's benefits although he and his wife had begun divorce proceedings. (AR 40–41). Plaintiff admits that he did not inform the person who processed his estimate request that he was undergoing divorce proceedings and, therefore, might likely be single again. (AR 86). A divorce decree was, in fact, filed on February 27, 1987. (AR 40–41).

On August 16, 1991, plaintiff claims that he was alerted by an unsolicited telephone call from the Social Security office that he could have been receiving widower's benefits since he turned 60 on September 9, 1989. (AR 15–16).

On August 16, plaintiff filed a claim for those widower's benefits. The claim was granted in part and denied in part. Benefits were granted from July 1991 but were denied from September 9, 1989 until July 1991. Plaintiff's request for reconsideration was denied.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on July 9, 1992. That request was granted and a hearing was set for November 25, 1992, before ALJ John R. Tarrant. Plaintiff appeared at the hearing *pro se* and testified. ALJ Tarrant issued a written decision denying plaintiff's request for widower's benefits from September 9, 1989 through June 1991.

ALJ Tarrant determined that because plaintiff "did not receive or rely on information which was incorrect, incomplete or misleading," from an employee of the Social Services Administration and because plaintiff was not age 65 and entitled to unreduced widower's benefits on July 16, 1991, the protective filing date of his widower's benefits claim, plaintiff's application could not be considered retroactively. *See* 42 U.S.C. § 402(j)(4–5). Therefore, plaintiff was only entitled to benefits prospectively commencing July 1991. (AR 15).

That decision became the final decision of the Secretary when the Appeals Council declined to review Vargo's appeal on March 18, 1994.

Plaintiff commenced this action *pro se* on May 16, 1994.

## DISCUSSION

The ultimate issue to be decided by the Court is whether the Secretary's decision denying widower's benefits from September, 1989 to July, 1991 is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Rivera v. Sullivan,* 923 F.2d 964, 967 (2d Cir.1991). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. National Labor Relations Bd.,* 305 U.S. 197, 229, 59 S.Ct. 206, 216–17, 83 L.Ed. 126 (1938)).

The determination of the Secretary is conclusive as long as it is supported by substantial evidence and is not based on legal error. *Arnone v. Bowen,* 882 F.2d 34, 37 (2d Cir.1989).

Had plaintiff filed a timely application for widower's benefits, it appears that he would have been entitled to benefits as of September 9, 1989. He was an unmarried widower, 60 years old, and was not entitled to an old-age benefit at that time. *See* 20 C.F.R. § 404.335. The fact is, though, that he did not file a claim for any benefits until July 16, 1991. Since filing an application is required before a claimant is entitled to benefits, 20 C.F.R. §§ 404.335(b), 404.603, 404.610, 404.614, and plaintiff did not file an application, or a written statement in lieu of an application, 20 C.F.R. § 404.630, until July 1991, he was not entitled to benefits until that time.

The only exception to this rule concerns circumstances where no application is filed because of misinformation received from the Social Security Administration and is codified at 42 U.S.C. § 402(j)(5). That statute states:

> In any case in which it is determined ... that an individual failed as of any date to apply for monthly insurance benefits under this title *by reason of misinformation provided to such individual* by any officer or employee of the Social Security Adminis-

tration relating to such individual's eligibility for benefits under this title, such individual shall be deemed to have applied for such benefits on the later of—

(A) the date on which such misinformation was provided to such individual, or

(B) the date on which such individual met all requirements for entitlement to such benefits (other than application therefor).

(emphasis added).

The ALJ determined that this statute did not excuse plaintiff's failure to timely file an application for widower's benefits because the record does not establish that plaintiff received misinformation concerning these matters. In my judgment, there is substantial evidence to support the ALJ's determination on this issue and, therefore, the Secretary's decision denying benefits must be affirmed.

From the record there is no evidence whatsoever that plaintiff's marital status came up at all in his request for the estimate of his potential benefits in August 1986. There is no evidence that he informed the estimate processor that he might be single again in the future. When plaintiff made his inquiry, he was still married and, as the ALJ found, it was unreasonable to expect the Secretary's representative to *sua sponte* tell him what might occur in the future if his wife died or if he divorced her. (AR 14). In fact, plaintiff makes no claim that the representative affirmatively gave him misinformation of any kind. His claim boils down to the assertion that he was "misled" because the representative did not affirmatively notify him that if he became single again, he may be entitled to widower's benefits at age 60. This assertion simply does not state a claim. *See Morgan v. Heckler,* 779 F.2d 544, 546 (9th Cir. 1985).

## CONCLUSION

For the foregoing reasons, the Secretary's motion for judgment on the pleadings is granted, the Secretary's decision denying widower's benefits until July 1991 is affirmed and the complaint is dismissed.

IT IS SO ORDERED.