103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodolfo VELASQUEZ, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 96-15454.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 18, 1996.*
Decided Nov. 20, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodolfo Velasquez appeals pro se the district court's dismissal for failure to state a claim in his action against the United States Postal Service. Velasquez sought damages for fraud and breach of contract for the misdelivery of a parcel containing eyeglasses that Velasquez sent to Mexico. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim. Sabow v. United States, 93 F.2d 1445, 1450 (9th Cir.1996). We conclude that the district court properly found that the Postal Service is exempt from liability under the Federal Torts Claims Act ("FTCA") for any claim arising out of "loss, miscarriage or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).[1] Thus, the district court did not err by dismissing Velasquez's complaint pursuant to Fed.R.Civ.P. 12(b)(6). See Anderson v. United States Postal Service, 761 F.2d 527, 528 (9th Cir.1985) (per curiam); see also Rider v. United States Postal Service, 862 F.2d 239, 242 (9th Cir.1988).
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Velasquez's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Velasquez set forth separate claims for fraud and breach of contract in his complaint, the ultimate claim of liability is for misdelivery
 
 
 [2]
 The court has reviewed Velasquez's letter pertaining to the certificate of compliance, received on September 25, 1996. Accordingly, the reply brief received on September 9, 1996 is ordered filed