**FOREST PLYWOOD SALES, INC., Plaintiff—Appellant,**

v.

**EXPORT–IMPORT BANK OF THE UNITED STATES, Defendant— Appellee.**

No. 03–57098.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 16, 2005.*

Decided Sept. 20, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Terrance S. Keavney, Esq., Law Offices of Cho and Associates, Rancho Cucamonga, CA, for Plaintiff-Appellant.

Kevin B. Finn, USLA–Office of the U.S. Attorney, Los Angeles, CA, for Defendant-Appellee.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and DUFFY,** District Judge.

### MEMORANDUM ***

Forest Plywood Sales, Inc. ("Appellant") appeals from the district court's dismissal

---

** The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

of its breach of contract suit against Export–Import Bank ("Eximbank") for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's decision *de novo*. Applying this standard, we affirm on an alternate ground. *See Salmeron v. United States*, 724 F.2d 1357, 1364 (9th Cir.1983) (noting that this Court "may affirm the district court's action on any ground finding support in the record").

In 1945 Congress designated Eximbank as a federal agency. *See* 12 U.S.C. § 635(a)(1). Among other things, Congress empowered Eximbank to "guarantee, insure, coinsure, and reinsure against political and credit risk of loss." *Id.* Congress also waived Eximbank's sovereign immunity, authorizing it "to sue and to be sued, to complain and defend in any court of competent jurisdiction." *Id.*

In accordance with its mandate, Eximbank entered into an indemnity insurance policy contract with Appellant, effective from November 1, 1999 until November 1, 2000. The policy insured Appellant against a percentage of its losses in the event its customers defaulted on certain contracts. Article 10(D)(2) of the policy provided that "[n]o action of any kind may be brought against Eximbank more than 18 months after the date of default."

Appellant asserts that it sent twelve shipments of wood to its customer VIYR S.A. de C.V. ("VIYR"). Claiming that VIYR never paid for the wood, Appellant submitted a claim to Eximbank in the amount of $91,067. Eximbank denied this claim on February 7, 2001. Eximbank based this determination on: (1) Appellant's alleged submission of fraudulent documents in support of its claim; and (2) the lack of evidence concerning Appellant's actual shipment of goods. Appellant subsequently filed a breach of contract suit against Eximbank in the district court on February 28, 2003.

Finding that Appellant did not file suit within the contractual limitations period (as set forth in Article 10(D)(2)), the district court concluded that Appellant's lawsuit was barred by sovereign immunity. The district court also rejected Appellant's argument that Eximbank was equitably estopped from relying on the policy's eighteen month limitation provision because Appellant failed to show: (1) any affirmative misconduct by Eximbank; or (2) that serious injustice would result from Eximbank's conduct. Accordingly, the district court granted Eximbank's motion to dismiss for lack of subject matter jurisdiction.

█ We conclude that the district court erred in concluding that the insurance policy limited Eximbank's sovereign immunity to eighteen months. As noted above, Congress waived Eximbank's sovereign immunity without limitation. *See* 12 U.S.C. § 635(a)(1) (authorizing Eximbank "to sue and to be sued"). Such broad waivers are "liberally construed." *FHA v. Burr*, 309 U.S. 242, 245, 60 S.Ct. 488, 84 L.Ed. 724 (1940). Indeed, courts will not imply limitations on such waivers absent, *inter alia*, a "clear showing" of Congressional intent. *FDIC v. Meyer*, 510 U.S. 471, 480, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Since Eximbank has not even attempted to make such a showing, Appellant's suit is not barred by sovereign immunity. Accordingly, the district court had subject matter jurisdiction over Appellant's claim.

█ Nevertheless, as a matter of contract and insurance law, Article 10(D)(2) requires dismissal of Appellant's complaint for failure to state a claim upon which relief can be granted. Federal law governs the parties' dispute because the dispute arises under a federal insurance program. *See Seattle Fur Exchange, Inc. v. Foreign Credit Ins.*, 7 F.3d 158, 161 (9th

Cir.1993) (applying federal law to dispute involving insurance policy where Eximbank was the reinsurer); *Brazil v. Giuffrida,* 763 F.2d 1072, 1074–75 (9th Cir.1985) ("Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program ... it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.") (internal quotations omitted). Applying federal law, it is well settled that the procedural requirements of Eximbank's insurance policies must "be strictly observed." *Wagner v. Director, FEMA,* 847 F.2d 515, 518 (9th Cir.1988); *see also Flick v. Liberty Mut. Fire Ins. Co.,* 205 F.3d 386, 390 (9th Cir.2000) ("Federal law has long recognized that an insured must comply strictly with the terms and conditions of a federal insurance policy."). Noncompliance with such terms and conditions requires dismissal of the insured's claims. *See, e.g., Wagner,* 847 F.2d at 520.

■ We agree with the district court that Eximbank should not be equitably estopped from enforcing the insurance policy's eighteen month time limitation. Equitable estoppel may be imposed when a party "has made a knowing false representation or concealment of material facts to a party ignorant of the facts, with the intention that the other party should rely on it, where the other party actually and detrimentally relies on it." *Mukherjee v. INS,* 793 F.2d 1006, 1008 (9th Cir.1986). A party seeking to assert estoppel against the federal government must make an additional showing of "affirmative misconduct going beyond mere negligence." *Morgan*

*v. Heckler,* 779 F.2d 544, 545 (9th Cir. 1985). Even then, "estoppel will only apply where the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability." *Id.*

Appellant has failed to allege either of these elements. Regarding affirmative misconduct, Appellant argues that Eximbank failed to inform it of the time limitation on its right to sue. On repeated occasions, however, this Court has held that under the "stringent" test for invoking equitable estoppel against the federal government, "[a] mere failure to inform or assist does not justify [its] application." *Wagner,* 847 F.2d at 519 (*quoting Lavin v. Marsh,* 644 F.2d 1378, 1384 (9th Cir.1981); *see also Sulit v. Schiltgen,* 213 F.3d 449, 454 (9th Cir.2000) ("Neither the failure to inform an individual of his or her legal rights nor the negligent provision of misinformation constitute affirmative misconduct."). Indeed, equitable estoppel requires actual *misconduct,* which this Court has previously defined as a "deliberate lie or a pattern of false promises." *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1184 (9th Cir.2001) (*quoting Mukherjee,* 793 F.2d at 1009). As the district court correctly found, Appellant's allegations simply do not fall within this category of conduct.) *See Sturla v. Director, FEMA,* No. C–96–1258 (MHP), 1997 WL 255343, at *4 (N.D.Cal. Apr.28, 1997) (dismissing claim for estoppel; "[a]lthough defendants failed to inform [plaintiffs] of the need to file a proof of loss, they did not affirmatively represent that the [plaintiffs] did not need to do so").[1]

Accordingly, because Appellant's noncompliance with Article 10(D)(2) is undis-

---

1. Appellant's additional contention that Eximbank's alleged omission violated section 2695.4 of the California Fair Claims Settlement Practices Regulations is unavailing. As noted *supra,* federal law, not state law, governs this dispute. *See Seattle Fur,* 7 F.3d at 161.

puted, and since Appellant failed to allege facts that (if proven) would justify estopping Eximbank from raising this defense, the district court's order of dismissal is affirmed.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.