**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURFSAND RESORT, LLC, an Oregon limited liability company, | No. 18-35607 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00866-BR |
| v. | MEMORANDUM[*] |
| NATIONWIDE MUTUAL FIRE INSURANCE CO., an Ohio company; HARLEYSVILLE INSURANCE COMPANY, a Pennsylvania company, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted October 22, 2019
Portland, Oregon

Before: FARRIS, BEA, and CHRISTEN, Circuit Judges.

Surfsand Resort claims that Nationwide owes $396,234.92 under an

insurance policy governed by the National Flood Insurance Act, but Surfsand

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

never filed a signed and sworn Proof of Loss for that amount, a condition precedent to the recovery of funds under a Standard Flood Insurance Policy. *Flick v. Liberty Mutual Fire Ins. Co.*, 205 F.3d 386, 394–96 (9th Cir. 2000). Surfsand contends that this failure should be excused through the doctrine of equitable estoppel. The District Court did not consider whether Nationwide can be estopped while acting as an agent of the federal government, but we may affirm the District Court's grant of summary judgment on any ground properly supported by the record. *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 750 (9th Cir. 2001).

Surfsand cannot meet the "stringent test" applicable to such claims. *Wagner v. Director, FEMA*, 847 F.2d 515, 519 (9th Cir. 1988); *see also Flick*, 205 F.3d at 393 n.10 (explaining that a claim against a WYO insurer on a Standard Flood Insurance Policy is, "in reality, a claim against the federal government"). None of the statements purportedly attributable to Nationwide constitute "affirmative misconduct going beyond mere negligence." *Wagner*, 847 F.2d at 519 (citing *Morgan v. Heckler*, 779 F.2d 544, 545 (9th Cir. 1985)). The Standard Flood Insurance Policy imposes a nondelegable duty on Surfsand to submit a Proof of Loss, which Surfsand cannot now avoid by pointing to Valencia's equivocal statements about how and when to submit it. Valencia, in fact, repeatedly

reminded Surfsand of its nondelegable duty. There remains no triable issue of material fact.

The parties dispute whether the lowest level of the hotel is a "basement" and therefore expressly excluded from coverage under the terms of the policy. We need not resolve that question, since the failure to file a signed and sworn Proof of Loss form defeats the claim for damages.

The District Court did not err. The record reflects that the only Proof of Loss form submitted claimed $98,765.08. Nationwide promptly paid that amount, even though the Proof of Loss was submitted after the required sixty (60) day deadline. With respect to the $396,234.92, Surfsand failed to "comply strictly with the terms and conditions that Congress has established for payment." *Flick*, 205 F.3d at 395–96.

**AFFIRMED.**