**Marie Ann SCIME, Plaintiff-Appellee,**

v.

**Otis R. BOWEN, Secretary, Department of Health and Human Services, et al., Defendant-Appellant.**

**No. 974, Docket 87–6004.**

United States Court of Appeals, Second Circuit.

Argued March 16, 1987.

Decided June 26, 1987.

Peter R. Maier, Civ. Div., U.S. Dept. of Justice (Richard K. Willard, Asst. Atty. Gen., Roger P. Williams, U.S. Atty., and William Kanter, Civ. Div., U.S. Dept. of Justice, Washington, D.C., of counsel), for defendant-appellant.

Timothy G. O'Connell, Buffalo, N.Y. (Siegel, Kelleher & Kahn, Buffalo, N.Y., of

counsel, Kenneth I. Feinman, on the brief), for plaintiff-appellee.

Before KAUFMAN, MINER and MAHONEY, Circuit Judges.

MAHONEY, Circuit Judge:

The Secretary of Health & Human Services ("Secretary") appeals from a judgment of the United States District Court for the Western District of New York holding that the Secretary is estopped from relying on appellee's failure to file a written application (required by regulation) for child's insurance benefits under the Social Security Act ("the Act"), 42 U.S.C. § 402(d) (1982 & Supp. III 1985), due to the "affirmative misconduct" of the Social Security Administration ("SSA") in erroneously informing appellee (based upon incomplete factual information) that she was ineligible to receive such benefits. *Scime v. Secretary of Health and Human Services*, 647 F.Supp. 89 (W.D.N.Y.1986). We reverse and remand.

## BACKGROUND

The reader is referred to Chief Judge Curtin's opinion for a full discussion of the tortuous procedural history of this case. Suffice it to say for our purposes that Marylyn R. Scime, a wage earner and the mother of appellee, died on September 30, 1978. Appellee's father, Samuel J. Scime, inquired of the SSA as to appellee's eligibility for child's insurance benefits. Mr. Scime was advised by an SSA clerk (orally and in writing) that Mrs. Scime was not insured under the Act because she had not accumulated sufficient work quarters. In late 1981 or early 1982, however, Mr. Scime discovered, after reading a newspaper article about problems in record keeping and transfers of information between the Railroad Retirement Board and the SSA, that the SSA records pertaining to Mrs. Scime did not include five years of her work for the New York Central Railroad. When the record was corrected to reflect these lost years, Mrs. Scime was determined to have been fully insured at the time of her death.

Mr. Scime filed a written application on behalf of appellee with the SSA on March 18, 1982 seeking lump sum death benefits and child's insurance benefits from September 30, 1978 onward. The SSA denied these claims under the theory that the written application was filed too late. In October, 1982, an Administrative Law Judge ("ALJ") ruled that the Scimes were entitled to all the benefits they sought, holding that the SSA was estopped from raising the written application issue since it initially deemed that Mrs. Scime was not insured. The SSA promptly paid the lump sum death benefits, and has not subsequently contested this point.

In September, 1983, the SSA Appeals Council reopened the ALJ's decision and in February, 1984 held that appellee was only entitled to child's benefits from September, 1981, determined by applying the six months retroactive eligibility allowed by 20 C.F.R. § 404.621(a)(ii) (1986) from the March, 1982 date of written application. The Appeals Council reasoned that the SSA could not be estopped from enforcing the written application requirement set forth in 20 C.F.R. §§ 404.610 & 404.611 (1986), by virtue of the Supreme Court's opinion in *Schweiker v. Hansen*, 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981).

After a new hearing before another ALJ, occasioned by an inaudible taped transcript of the original administrative hearing, the Appeals Council held to its position that benefits could only be allowed from September, 1981. Scime appealed to the district court, which entered a judgment on the pleadings in her favor.

The district court distinguished the facts in the instant action from those in *Schweiker v. Hansen*, primarily on the basis that *Hansen* involved a misstatement of law on the part of an SSA official, while appellee's case concerns "factual misrepresentation in the SSA's own records on a fundamentally material matter." *Scime*, 647 F.Supp. at 92. The court found the traditional elements of estoppel[1] to be present, plus the

---

1. The traditional elements of estoppel are: 1) the party to be estopped must know the facts; 2)

he must intend that his conduct shall be acted on or must so act that the party asserting the

additional element of "affirmative misconduct" by the government.[2]

## DISCUSSION

Like Judge Curtin, we are troubled by the government's conduct and position in this case, and the result reached upon accepting the government's argument seems manifestly unfair. Nevertheless, we are unconvinced that this case can be distinguished from *Hansen* based on the purported distinction between factual and legal misinformation conveyed by the government. No such distinction is fairly discoverable in *Hansen*.[3] *Hansen* explicitly relies on a series of lower court cases denying estoppel arguments rooted in alleged misinformation conveyed to claimants by SSA officials. 450 U.S. at 788–89, 101 S.Ct. at 1470–71. These cases make no distinction between factual and legal misinformation, and one of the cases, *Simon v. Califano*, 593 F.2d 121 (9th Cir.1979), involved a material factual error on the part of the SSA official.

Our decision in *Corniel-Rodriguez* is of no help to appellee. That holding was limited, in *Goldberg v. Weinberger*, 546 F.2d 477, 481 n. 5 (2d Cir.1976), *cert. denied*, 431 U.S. 937, 97 S.Ct. 2648, 53 L.Ed.2d 255 (1977), to the specific facts of the case, particularly the immigration official's failure to provide petitioner with a warning mandated by federal regulation. We decline to follow *McDonald v. Schweiker*, 537 F.Supp. 47 (N.D.Ind.1981), relied on by the district court; we find *McDonald's* effort to distinguish *Hansen* unpersuasive.

We note that the opinion below stated that the "sole issue" in this case is the date upon which Marie Scime became entitled to receive surviving child's benefits after the

death of her mother, 647 F.Supp. at 89, but it is later stated, *id.* at 91, that the SSA mistakenly paid the claimant child survivor benefits beyond the date upon which it claims she lost her eligibility due to age, and now seeks their recovery. We have not considered this issue, which has not been presented to us, and wish no intimation to be derived from this opinion in the government's favor with respect to it. We note further that this situation may afford the government an opportunity to temper the harsh result we feel compelled to reach on the issue decided herein.

## CONCLUSION

The judgment of the district court is reversed and the case is remanded for further proceedings consistent herewith. As provided by Fed.R.App.P. 39(b), the parties shall bear their own costs.

---

estoppel has a right to believe it is so intended; 3) the latter must be ignorant of the true facts; and 4) he must rely on the former's conduct to his injury. *Scime*, 647 F.Supp. at 92 n. 2.

**2.** In *Hansen*, the Supreme Court did not decide whether even "affirmative misconduct" would estop the government from insisting upon compliance with its regulations governing welfare benefits. It held that the misinformation involved in that case did not amount to "affirmative misconduct." 450 U.S. at 788–89, 101 S.Ct. at 1470–71. This circuit has held, however, that

the government can be estopped where the traditional elements of estoppel and "affirmative misconduct" are present. *Corniel-Rodriguez v. INS*, 532 F.2d 301, 302 (2d Cir.1976).

**3.** In *Hansen*, the SSA field representative erroneously informed the claimant that she was not eligible for mother's insurance benefits under § 202(g) of the Act, and failed to advise the claimant, in contravention of the SSA's Claims Manual, of the advantages of filing written applications. 450 U.S. at 786, 101 S.Ct. at 1469.