Jerrold KARLINER for Estelle KARLINER, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant.

No. 85 Civ. 5269 (JES).

United States District Court, S.D. New York.

Jan. 6, 1988.

Jerrold Karliner, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City (Rosemarie E. Matera, Sp. Asst. U.S. Atty., Annette H. Blum, Regional Atty., Region II, and Kevin J. Windels, Asst. Regional Atty., Office of General Counsel, Dept. of Health and Human Services, of counsel), for defendant.

## MEMORANDUM OPINION
## AND ORDER

SPRIZZO, District Judge:

Plaintiff *pro se* Jerrold Karliner brings this action pursuant to 42 U.S.C. § 405(g) (1982), seeking review of the final decision of the Secretary of Health and Human Services ("the Secretary") denying surviving father's and children's benefits to himself and his children. The Secretary has moved pursuant to Fed.R.Civ.P. 12(c) for judgment on the pleadings. For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff's wife, Estelle Karliner, died on July 6, 1982 at age 40. *See* Letter from Jerrold Karliner to the Court (Apr. 23, 1986) ("Letter") at 1. Plaintiff's original applications for survivors' benefits [1] were denied initially and on reconsideration on the basis that the deceased was not fully or currently insured at the time of her death as required by 42 U.S.C. § 414(a) (1982).[2] *See* Administrative Transcript ("Tr.") at 39–41. Mrs. Karliner was found to be one quarter short of the required 19 quarters. *See id.*

Plaintiff requested a hearing to review this determination and on June 23, 1983, the Secretary determined that a 1980 W–2 statement provided sufficient evidence of coverage to credit Mrs. Karliner with a nineteenth quarter. *See* Tr. at 22. Subsequently, on October 4, 1984, the Secretary reopened the case and held another hearing to review evidence suggesting that the 1980 W–2 statement had been erroneously considered. *See id.* at 19–28.

At the 1984 hearing, the Administrative Law Judge ("ALJ") determined that because FICA taxes had not been deducted in 1980, the 1980 W–2 could not be used to credit Mrs. Karliner with a nineteenth quarter. *See id.* at 12, 13, 22. The ALJ refused to consider a 1099 form for self-employment income in 1977 as proof of an additional quarter because such evidence was contrary to the earnings records of the Social Security Administration ("SSA") which he considered binding. *See id.* at 13. The ALJ also rejected plaintiff's argument that plaintiff was entitled to benefits because SSA pamphlets No. 05–10033 and No. 05–10035 indicated that the survivors of a wage earner were entitled to benefits if the wage earner died at age 40 with 4½ years, or eighteen quarters, of coverage. In rejecting this last argument, the ALJ merely determined that Mrs. Karliner did not have the requisite quarters of coverage at her death, citing to the regulations governing calculation of quarters. *See id.*

The Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision and for reopening of the case. *See* Tr. at 3–4, 7–8. In its decision of June 24, 1985 declining to reopen the case, the Council held that Mrs. Karliner's 1977 tax return was insufficient to prove coverage for a nineteenth quarter because although the tax return showed $404.75 in gross earnings, it indicated only $298.00 in net earnings, an amount which fell below the $400.00 minimum in net earnings required to qualify for a quarter of coverage. *See*

---

1. The Social Security Act provides for the payment of child's insurance benefits to a qualified child of a worker who was either fully or currently insured at the time of death. *See* 42 U.S.C. § 402(d)(1) (1982 & Supp.1985). The Act also provides for the payment of father's insurance benefits. *See id.* at § 402(g)(1).

2. Section 402 provides for survivors' benefits to children and spouses of deceased workers who were fully or currently insured at the time of death. *See supra* note 1. Section 414 defines "fully insured" and "currently insured." Because none of Mrs. Karliner's quarters of coverage were earned in the 13 quarters prior to the quarter in which she died, *see* 42 U.S.C. § 414(b); Tr. at 47, she was not currently insured and plaintiff was required to establish that she was fully insured at death in order for her survivors to be entitled to benefits. A wage earner will be found fully insured if she has

> one quarter of coverage (whenever acquired) for each calendar year elapsing after 1950 (or, if later, after the year in which [she] attained age 21) and before the year in which [she] died....

42 U.S.C. § 414(a)(1). The record shows that Mrs. Karliner was born on August 4, 1941 and died on July 6, 1982. She attained age 21 in 1962. Thus, she needed one quarter of coverage for every year beginning with 1963 and ending in 1981, or 19 quarters, to be fully insured. *See* Tr. at 13.

*id.* at 3; 42 U.S.C. § 411(b)(2) (1982 & Supp.1985). The Council also rejected plaintiff's argument regarding the SSA pamphlets. The Council held that pamphlets such as the ones at issue were intended only "to provide the public with general information" and were not binding on the Secretary. *See id.* Moreover, the Council determined that in any event, the pamphlets at issue were correct in that had Mrs. Karliner died in the calendar year she attained age 40, she would have required only 18 quarters. However, since she died in the calendar year in which she would have attained age 41, 19 quarters were required. *See id.*

On June 4, 1985, prior to the decision of the Appeals Council declining to reopen the case, plaintiff filed this action, seeking reinstatement and continuation of benefits. In his response to the Secretary's motion for judgment on the pleadings, plaintiff reiterated his claim of reliance on the SSA pamphlets. *See* Letter at 1–2. His argument that the 1977 self-employment income is sufficient to credit Mrs. Karliner with a nineteenth quarter has apparently been abandoned.[3]

At oral argument of the motion for judgment on the pleadings, plaintiff indicated that he would discontinue this action if the Secretary would agree to waive repayment of the benefits he and his children had already received. This suggestion was not accepted by the Secretary. *See* Letter of Rosemarie E. Matera to the Court (March 23, 1987).

### DISCUSSION

When a court reviews final decisions of the Secretary, the Secretary's findings as to any fact, if supported by substantial evidence, are conclusive. *See* 42 U.S.C. § 405(h); *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Parker v. Harris,* 626 F.2d 225, 231 (2d Cir.1980).

Plaintiff does not dispute that the Secretary's determination is supported by substantial evidence. Instead, plaintiff argues that he relied on the SSA pamphlets and should be awarded benefits in light of this reliance, and that the Secretary should be equitably estopped from denying coverage.

However, equitable estoppel applies only where one party reasonably relies on the misrepresentations or acts of another party, and in so relying, changes his position to his detriment. *See, e.g., Special Event Entertainment v. Rockefeller Center, Inc.,* 458 F.Supp. 72, 76, (S.D.N.Y.1978). Even if the Court were to conclude that the statements in the pamphlets in question were incorrect, plaintiff did not and cannot establish that he or his wife relied on those statements to his detriment. He clearly did not change his position in reliance on the pamphlets, because he read them only after his wife had died. Similarly, there is no claim that Mrs. Karliner would have worked another quarter were it not for the alleged misinformation; indeed, there is no evidence whatsoever that she was even aware of the minimum number of quarters required for her family to receive survivors' benefits. In any event, it is doubtful whether equitable estoppel could properly be invoked against the Secretary in a situation such as this. *See Heckler v. Community Health Services,* 467 U.S. 51, 62–63, 104 S.Ct. 2218, 2225, 81 L.Ed.2d 42 (1984); *Schweiker v. Hansen,* 450 U.S. 785, 790, 101 S.Ct. 1468, 1472, 67 L.Ed.2d 685 (1981); *Scime v. Bowen,* 822 F.2d 7, 9 (1987).

### CONCLUSION

For the reasons set forth *supra,* the Secretary's motion for judgment on the plead-

---

3. In any event, the 1977 income is clearly insufficient to credit Mrs. Karliner with a nineteenth quarter. 42 U.S.C. § 411(b)(2) provides that self-employment income does not include an individual's net earnings from self-employment if such net earnings are less than $400. Mrs. Karliner's 1977 tax return clearly shows that her net income for 1977 was only $298.00. *See* Tr. at 82.

Similarly, although plaintiff has not challenged the Secretary's decision that Mrs. Karliner's 1980 earnings do not entitle her to an additional quarter of coverage, the Secretary's decision is clearly correct since she paid no FICA tax on that income. *See* 42 U.S.C. §§ 412, 413; 20 C.F.R. §§ 404.140, 404.143, 404.1055.

ings is granted. The Clerk of the Court shall enter judgment accordingly.