**William BENSON on Behalf of Lee V. FABIANO, Plaintiff,**

**v.**

**The DEPARTMENT OF HEALTH AND HUMAN SERVICES OF the UNITED STATES, Defendant.**

**No. CV–95–0982 (CPS).**

United States District Court, E.D. New York.

Dec. 9, 1996.

**214**

William Benson, Brooklyn, NY, pro se.

Arthur P. Hui, Brooklyn, NY, for defendant.

## MEMORANDUM AND ORDER

SIFTON, Chief Judge.

Plaintiff Lee Fabiano, represented by her husband William Benson, has brought this action against the Secretary of Health and Human Services (the "Secretary"). Defendant filed an answer to plaintiff's complaint and now moves for judgment on the pleadings for failure to state a claim. Thereafter, plaintiff submitted a reply with an amended complaint.

For the reasons stated below, defendant's motion is granted and plaintiff's complaint is dismissed. Leave to file the amended complaint is denied.

## BACKGROUND

The following allegations are taken from plaintiff's complaint, reply, repleading, and two amended complaints. For the purposes of this motion, they are assumed to be true.

Plaintiff Lee Fabiano was an employee of the Department of Health and Human Services Administration ("DHHS"). On November 2, 1983, she was injured in an automobile accident. Since then, plaintiff has pursued various forms of relief related to the accident. Shortly after her injury, she applied for benefits under New York State's no fault insurance system and received compensation for some expenses relating to the automobile accident. On September 12, 1988, she applied for Medicare health insurance. Due to her disability and her former employment with the federal government, plaintiff was found eligible for Medicare's qualified government employment coverage. She has received Medicare insurance since September 1989.

On January 22, 1984, plaintiff's position at DHHS was reclassified by the Office of Personnel Management ("OPM"). On June 8, 1984, she was terminated from her position for cause. Plaintiff administratively appealed both decisions to the Merit Systems Protection Board ("MSPB").

Plaintiff has filed four complaints in the Eastern District of New York relating to the above events. In January of 1985, plaintiff filed an action (CV 85–300) against the MSPB challenging its affirmation of her termination from DHHS. The case was administratively closed on July 28, 1986, for lack of prosecution. Plaintiff's appeal to the Second Circuit was dismissed for failure to file an appellate brief.

In October of 1994, plaintiff filed an action (CV 94–4739) against the OPM challenging its reclassification of her position. Defendant was granted summary judgment on January 19, 1996. Plaintiff has appealed this order to the Second Circuit.

In May of 1996, plaintiff filed an action (CV 96–2230) against Countrywide Insurance Company. She sought to modify an adverse arbitration decision relating to her no fault insurance claims. Defendant was granted summary judgment on July 15, 1996.

This case is the third of the four cases. On March 10, 1995, plaintiff filed a complaint against the Secretary alleging a wide range of violations and seeking various forms of relief. On February 28, 1996, all but one cause of action alleged in the complaint was dismissed.

The remaining cause of action involves plaintiff's eligibility for Medicare and is based on the following allegations. In May 1984, plaintiff's supervisor Annette Blum ad-

vised her to seek benefits under New York State's no fault insurance system for expenses arising out of her accident. Blum did not take steps to ensure plaintiff received Medicare. Also in May 1984, DHHS Personnel Manager Robert Collins by Jerome Marullo wrote a letter to plaintiff's attorney describing plaintiff's employment status and the amount of sick leave she had been taking. As a result of the action and inaction of Blum, Collins, and Marullo, plaintiff did not apply for Medicare insurance.

In 1988, plaintiff applied for and was granted Medicare coverage to start September 1989. Because plaintiff had not applied for Medicare until September 12, 1988, the mandatory waiting period for benefits did not expire until September 1989. Plaintiff sought to have that eligibility date changed. She pursued her claim through the Social Security Administration's (the "SSA") appeals process and has submitted copies of the various decisions with respect to her claim.

At the administrative hearing, plaintiff's representative, William Benson, claimed that plaintiff would have applied for benefits earlier had she not been misled by her supervisors. The administrative law judge (the "ALJ") rejected this argument and found her eligible for benefits as of September 1989, but not before. The SSA Appeals Council affirmed this decision on January 6, 1995.

## DISCUSSION

### Defendant's Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides for a judgment on the pleadings. A motion made pursuant to Rule 12(c) must be made after defendant's answer has been filed and may raise a defense of failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(h)(2).

In deciding such a motion, a court must accept all the facts pleaded in the complaint as true and may only dismiss if "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also George C. Frey Ready–Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,* 554 F.2d 551, 553 (2d Cir.1977).

Plaintiff appeals from the Secretary's administrative decision determining the date of plaintiff's eligibility for Medicare benefits.[1] She seeks to move her eligibility date from the September 1989 date determined by the Secretary to May 1984.

Defendant moves for judgment on the pleadings asserting that plaintiff fails to state a cause of action. Defendant argues that the Secretary's eligibility date is based on a clear legal standard and that there are no applicable exceptions as a matter of law.[2]

Medicare is a federally funded health insurance program for the elderly and disabled. An individual can become eligible for Medicare benefits in a number of ways. The most common means is becoming entitled to Social Security monthly benefits. Once entitled to Social Security benefits, an individual is automatically entitled to Medicare upon reaching age 65. *See* 42 U.S.C. § 426(a); 42 C.F.R. § 406.10. However, an individual under age 65 is eligible for Medicare if that person has been "under a disability" for at least twenty-five months. *See* 42 U.S.C. § 426(b); 42 C.F.R. § 406.12(a). An individual is disabled within the meaning of Medi-

---

1. The Social Security Independence and Program Improvements Act of 1994 transferred the Secretary's functions to the Commissioner of Social Security. Accordingly, all suits arising out of denial of benefits must be brought against the Commissioner. This provision does not apply, however, to suits commenced before March 31, 1995. *See* P.L. No. 103–926 § 106(d). Because this action was filed March 10, 1995, the Act does not bar this action.

Jurisdiction over this action is based on 42 U.S.C. § 1395ff(b) which provides for judicial review of final decisions of the Secretary.

2. Defendant also argues that the ALJ's factual findings were supported by substantial evidence. Because defendant moves for judgment on the pleadings, all facts pleaded by the plaintiff must be accepted as true. *See Frey Ready–Mixed Concrete, Inc.,* 554 F.2d at 553. Therefore, defendant cannot support the motion by arguing that the ALJ's findings, including his finding that plaintiff would not have applied for Medicare even if her DHHS supervisors had told her about the program, are supported by substantial evidence.

care if that individual is "entitled or deemed entitled to Social Security disability benefits." 42 C.F.R. 406.12(a)(1).

Because some government employment does not trigger entitlement to Social Security benefits, special provisions apply to disabled individuals who were federal, state, or local government employees. *See* 42 U.S.C. § 426(b); 42 C.F.R. § 406.15. Eligibility is determined by 42 C.F.R. 406.15(e) which reads:

> An individual who has worked in Medicare qualified government employment ... is entitled to hospital insurance benefits is he or she
>
> > (1) would meet the requirements of § 406.10, § 406.12, or § 406.13 [regarding required length of employment and the 25 month disability period] if Medicare qualified government employment were social security covered employment; and
> >
> > (2) has filed an application for hospital insurance.

For purposes of this section not more than 12 months before the month of application may be counted towards the 25 month qualifying period specified in § 406.12(a).

Thus when an individual applies for Medicare benefits due to their qualified government employment and their disability, the applicant must be disabled for at least twenty-five months prior to receiving Medicare benefits. Only twelve months prior to application will be counted in that twenty-five month waiting period. Therefore, the applicant must wait at least twelve more months for benefits after applying no matter when the applicant's disability started. An applicant who has been disabled for over twenty-five months at the time of his application must still wait an additional twelve months prior to becoming eligible.

Plaintiff has worked a sufficient amount of time to qualify for Medicare. She is also under a disability which allows her to apply for Medicare even though she was not 65 years old at the time of her application.

However, the filing of an application is a requirement for the receipt of Medicare benefits. One who does not file an application is not eligible for Medicare even if all the other requirements are met. Since plaintiff applied for Medicare on September 12, 1988, she was not eligible for Medicare until September 1989.

Plaintiff seeks to move her eligibility date from September 1989 to May 1984. In essence, plaintiff argues that the Secretary is estopped from measuring her eligibility date based on when she filed an application because of conduct by her supervisors.

■ "The traditional elements of estoppel are: 1) the party to be estopped must know the facts; 2) he must intend that his conduct shall be acted on or must so act the party asserting the estoppel has a right to believe it is so intended; 3) the latter must be ignorant of the true facts; and 4) he must rely on the former's conduct to his injury." *Scime v. Bowen*, 822 F.2d 7, 8 n. 1 (2d Cir.1987). In her pleadings, plaintiff asserts that she detrimentally and reasonably relied upon intentional conduct of her superiors and did not apply for Medicare in May of 1984.[3]

■ Estoppel against the government, however, is governed by a different standard. It is granted only in limited and extraordinary circumstances. *See Office of Personnel Management v. Richmond*, 496 U.S. 414, 422, 110 S.Ct. 2465, 2470, 110 L.Ed.2d 387 (1990). When a party seeks to estop the government, that party must show in addition to the traditional elements of estoppel that the government engaged in affirmative misconduct. *See City of New York v. Shalala*, 34 F.3d 1161, 1168 (2d Cir.1994); *Scime*, 822 F.2d at 8–9; *Corniel–Rodriguez v. INS*, 532 F.2d 301, 302 (2d Cir.1976). Misinformation or misrepresentation does not amount to affirmative misconduct. *See Scime*, 822 F.2d at 9.

■ Plaintiff's estoppel argument relies on two incidents. In May of 1984 while plaintiff was employed by DHHS, plaintiff's supervisor Annette Blum did not ensure that plain-

---

**3.** Defendant argues that the plaintiff admitted to the ALJ that she did not rely on her superior's conduct. Defendant is improperly using facts outside of the pleadings to support the motion for judgment on the pleadings.

tiff applied for Medicare. Blum advised her to apply for no fault insurance benefits but did not advise her to apply for Medicare. In a May 1984 letter to plaintiff's attorney, DHHS Personnel Manager Robert Collins described plaintiff's employment status, pay status, and the number of hours plaintiff had worked since the accident. Collins did not give plaintiff an application for Social Security disability benefits and did not accept an application for Social Security disability benefits from the plaintiff.

Neither incident amounts to affirmative misconduct on the part of either employee. Blum and Collins were not under any statutory duty to assist plaintiff with her Medicare and Social Security applications. They violated no law, statute, or regulation. *Cf. Schweiker v. Hansen,* 450 U.S. 785, 789–90, 101 S.Ct. 1468, 1471–72, 67 L.Ed.2d 685 (1981). They did not provide any erroneous information of a factual or legal nature to plaintiff. They simply did not act.

Plaintiff alleges no facts in her complaint, reply, repleading, and two amended complaints which, if proved, would entitle her to relief. Plaintiff has had several opportunities to plead the necessary facts. She was able to respond to defendant's motion for judgment on the pleadings with an amended complaint. While plaintiff provided additional details of the relevant conduct in her latest complaint, this conduct is not affirmative misconduct and does not state a claim of estoppel against the Secretary. Accordingly, defendant's motion for judgment on the pleadings is granted.

### Plaintiff's Amended Complaint

In response to defendant's answer and motion, plaintiff submits a second amended complaint alleging various additional causes of action arising from her employment at DHHS and her accident of November 1983.

In her first amended complaint, plaintiff sought damages against her former employer and a "permanent injunction from the defendant performing Active Reinstatement or other similar act in the future [sic]." Aside from the appeal of her Medicare hearing, her complaint did not state an appropriate jurisdictional basis for the various causes of

action sufficient to overcome the bar of sovereign immunity. *See United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983) (consent to be sued is "prerequisite" for jurisdiction in any suit against the United States). Additionally, the complaint did not present the defendant with any coherent theory of liability against which it could defend. Therefore, with the exception of the Medicare appeal, the complaint was dismissed with leave to amend.

Plaintiff has attempted to clarify her original complaint with a submission dated July 12, 1996. According to this *pro se* petition the liberal reading to which it is entitled under *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), plaintiff appears to have alleged five causes of action.

First, plaintiff asserts a claim under 5 U.S.C. § 8337(a). This statute provides for early retirement from the civil service due to a disability. Claims regarding disability retirement are to be adjudicated by the OPM. *See* 5 U.S.C. § 8347(b). The OPM is not a party to this action. Plaintiff has raised this exact issue against the OPM in an earlier case. *See Fabiano v. Office of Personnel Management,* No. 94–4739, 1996 WL 19166 (E.D.N.Y. Jan. 9, 1996).

Second, plaintiff alleges that she was deprived of an annuity upon retirement. Because she was discharged for misconduct, she is not entitled to an annuity under 5 U.S.C. § 8336(d)(1). Retirement annuities are part of the Civil Service Retirement System and are administered by the OPM. All claims under the Civil Service Retirement System are to be adjudicated by the OPM. *See* 5 U.S.C. § 8347(b). Although the plaintiff has challenged OPM determinations in other cases, the OPM is not a party to this action. Plaintiff has challenged her discharge for misconduct in an earlier case. *See Fabiano v. Merit Systems Protection Board,* No. 85–0300 (E.D.N.Y. July 28, 1986).

Third, plaintiff asserts various claims relating to compensation of federal employees for work related injuries. Under 5 U.S.C. § 8124(a), the Secretary of Labor is

to adjudicate all claims arising out of such compensation. The Secretary of Labor is not a party to this action.

Fourth, plaintiff alleges that the MSPB improperly approved her discharge for cause under 5 U.S.C. § 7703. This statute provides for judicial review of decisions of the MSPB and must be brought against the MSPB or "the agency responsible for taking the personnel action." 5 U.S.C. § 7703. Plaintiff seeks reinstatement to the position she held fourteen years ago so that she can then retire with benefits. Neither the MSPB nor the OPM who discharged plaintiff are parties to this action. Plaintiff has raised this exact issue against the MSPB in an earlier case. *See Fabiano v. Merit Systems Protection Board*, No. 85–0300 (E.D.N.Y. July 28, 1986).

Fifth, plaintiff alleges a violation of prohibited personnel practices under 5 U.S.C. § 2302. She claims that the OPM improperly reclassified her position in violation of her collective bargaining agreement. Actions against the OPM must be brought against the OPM. The OPM is not a party to this action. Plaintiff also has raised this exact issue against the OPM in an earlier case. *See Fabiano v. Office of Personnel Management*, No. 94–4739, 1996 WL 19166 (E.D.N.Y. Jan. 9, 1996).

Plaintiff has not corrected the original defects of her complaint. She still does not state a jurisdictional basis for her actions against the Secretary. Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Therefore, plaintiff's amended complaint is dismissed in its entirety.

The Clerk is directed to enter judgment dismissing the action.

SO ORDERED.