Esmeralda CRUZ, Plaintiff,

v.

Kenneth S. APFEL, Commissioner
of Social Security, Defendant.

No. 96 Civ. 8121(JES).

United States District Court,
S.D. New York.

May 4, 1999.

Bronx Legal Services, Bronx, New York, for Esmeralda Cruz, Tanya Marie Douglas, of counsel.

Mary Jo White, United States Attorney for the Southern District of New York, New York City, for Kenneth S. Apfel, Commissioner of Social Security, Lorraine S. Novinsky, Assistant United States Attorney, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff Esmeralda Cruz ("Cruz") brings the instant action against Kenneth Apfel, the Commissioner of Social Security ("Commissioner"), seeking review of the Commissioner's decision finding Cruz to be ineligible for Supplemental Security Income ("SSI") benefits. Both parties move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth be-

low, the Court denies Cruz's motion and grants the Commissioner's cross-motion.

## BACKGROUND

Cruz's mother, Gloria Ortiz ("Ortiz"), filed an application for SSI benefits on behalf of Cruz as her minor child on May 23, 1985.[1] *See* Notice of Award, October 13, 1992, Plaintiff's Memorandum in Support of Motion for Judgment on the Pleadings, Exhibit A ("Notice") at p. 1. Seven years later, Ortiz received a notice from the SSA informing her that, pursuant to the decision of the United States Supreme Court in *Sullivan v. Zebley*, 493 U.S. 521, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990), the SSA would grant her request for benefits retroactive to May 23, 1985.[2] *See* Notice at p. 1. The notice informed Cruz that she would receive a lump-sum payment in the amount of $29,429.57, paid to Ortiz as representative payee for Cruz, who was then still a minor. *See id.* In addition, Cruz would receive monthly SSI benefit payments, conditioned upon, *inter alia,* her continued financial need as measured by her "countable resources." *See id.*

The notice explained that, under the applicable SSA regulations, countable resources are defined as cash, other liquid assets, or any property the SSI recipient owns and could convert to cash to be used for maintenance and support, including the *Zebley* lump sum award to be made to Cruz. *See id.* at p. 2. While the retroactive payment would not be considered a countable resource for the first six months after payment, if, as of May 1, 1993, Cruz's countable resources exceeded $2,000.00, she would no longer be eligible for SSI benefits. *See id.* The notice suggested that Ortiz consider setting up a trust to shelter Cruz's assets because, under "certain conditions," the SSA would not consider trust assets to be countable resources.

*See id.* The notice also suggested Ortiz retain legal counsel for Cruz and read an enclosed pamphlet, "If You Get SSI Through The *Zebley* Court Case . . . What You Need To Know," which provided general information on trusts and how to retain legal counsel. *See id.;* Defendant's Memorandum in Opposition to Motion for Judgment on the Pleadings, Exhibit A.

Ortiz sought legal advice from Bronx Legal Services on creating a trust to shield her lump-sum *Zebley* payment. *See* Complaint ¶ 3. In a letter dated November 11, 1992, a Bronx Legal Services attorney recommended to Ortiz that she deposit the lump-sum payment in an Uniform Gifts to Minors Act trust account ("UGMA trust account") for Cruz and assured Ortiz that funds deposited in an UGMA trust account would not be considered a countable resource by the SSA. *See id.* ¶ 3. The attorney also recommended that she seek confirmation from her local SSA office that an UGMA trust account would adequately shield the deposited funds. *See id.* ¶ 5.

Initially, on October 30, 1992, $24,077.30 was deposited in a bank account in the name of "Gloria Ortiz I/T/F/ Esmeralda Cruz." *See* Administrative Record ("Admin.Rec."), pp. 35-45. Then on December 18, 1992, $18,000.00 was deposited in another account under the name "Gloria Ortiz as Custodian for Esmeralda Cruz, U.T.N.U.G.T.A." *See id.* This account was closed on November 16, 1993, and the entire balance, $18,524.51, was deposited into an account in the name "Gloria Ortiz I/T/F Esmeralda Cruz." *See id.* Finally, $18,556.51 was deposited on December 16, 1993, into an account with the name "Gloria Ortiz as Custodian for Esmeralda Cruz U/T/N/Y/U/G/T/M/A." *See id.*

In November 1993, the SSA requested financial information from Ortiz to deter-

---

1. Cruz's birth date is March 31, 1977. She brought the instant action in 1996 as an adult.

2. *Zebley* declared invalid the SSA's existing regulations governing the adjudication of childhood disability claims, requiring the So-

cial Security Administration to re-adjudicate the claims of any minors who were denied disability benefits between January 1, 1980, and February 10, 1991. *See Zebley*, 493 U.S. 521, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990).

mine Cruz's continued eligibility for SSI benefits. *See* Admin.Rec., pp. 22–26. After submitting the requested information, Ortiz received a notice dated December 23, 1993, stating that Cruz had ceased to be eligible for SSI benefits as of May 1, 1993, the end of the six-month grace period for her *Zebley* lump sum award, because her countable resources exceeded $2,000.00 on that date. *See* Complaint ¶ 6. Ortiz's request for reconsideration of this decision was denied in a letter from the SSA dated May 2, 1994. *See id.* ¶ 8. Cruz then requested a hearing. On May 25, 1995, the administrative law judge assigned to hear her case issued a decision in which he ruled that the lump-sum payment to Cruz could not form the corpus of a valid UGMA trust and that Cruz had thus failed to shield effectively her *Zebley* award. *See id.* ¶ 10. The Appeals Council denied Cruz's request for review. *See* Complaint, ¶ 12.

Cruz filed the Complaint in this action on October 29, 1996. Thereafter, Cruz brought the instant motion for judgment on the pleadings, and the Commissioner filed a cross-motion for judgment on the pleadings. *See* Notice of Cross–Motion, dated February 27, 1998. In support of her motion, Cruz argues that Ortiz created an effective UGMA trust account for the benefit of Cruz. In the alternative, she argues that the Commissioner is estopped from finding that Cruz's UGMA trust account is a countable resource because the SSA failed to respond to Cruz's alleged request for advice from her local SSA office. The Commissioner argues that Ortiz did not create an effective trust because she did not make a valid gift to Cruz. Thus, the Commissioner argues, Cruz's *Zebley* award is a countable resource that renders her ineligible for SSI benefits.

## DISCUSSION

Rule 12(c) of the Federal Rules of Civil Procedure directs that judgment on the pleadings "is appropriate where the material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters,* 842 F.2d 639, 642 (2d Cir.1988). On review of the findings of the Commissioner, the Court treats as conclusive any finding of fact supported by substantial evidence. *See* 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3); *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Court may set aside the decision of the Commissioner only if the decision rests upon legal error or is not supported by substantial evidence. *See Balsamo v. Chater,* 142 F.3d 75, 79 (2d Cir.1998).

SSI is a federal program established by Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.* The purpose of the program is to assure a minimal income for eligible individuals whose income and resources are insufficient to enable them to maintain a standard of living at the federal minimum level. *See* 20 C.F.R. § 416.110. During the period relevant to this action, in order to be eligible for SSI benefits, a recipient could not have resources worth in excess of $2,000.00. *See* 42 U.S.C. § 1382(a)(3); 20 C.F.R. § 416.1205. Included within the resources considered by the SSA are cash, other liquid assets, and any property the individual owns and could convert to cash to be used for maintenance and support. *See* 20 C.F.R. § 416.1201. As an exception to this rule, retroactive SSI payments are excluded from the recipient's countable resources for six months following receipt. *See* 20 C.F.R. § 416.1233(a).

After six months, the SSA allows SSI recipients to shelter funds from retroactive benefit payments so that these funds will not be included in the recipients' countable resources. Retroactive benefit payments are considered sheltered if the funds are unavailable to the SSI recipient to be spent for ordinary living expenses. *See* 20 C.F.R. § 416.1201(a)(1). Such sheltered funds will not affect an SSI recipient's financial eligibility for monthly benefits. *See* 20 C.F.R. § 416.1210.

### Cruz Failed to Create an Effective Trust.

■ Acting upon the advice of Bronx Legal Services, Cruz attempted to shelter her *Zebley* award through an UGMA trust account, as governed by the New York Estates, Powers and Trusts Law ("EPTL"), §§ 7–4.1 to 7–4.11.[3] However, Cruz has failed to create an effective trust because the corpus of the trust was not a valid gift under New York law.

■ Under New York law, the first requirement for an UGMA trust is that the corpus of the trust be a gift from an adult to a minor. *See* EPTL § 7–4.1; *Sussman v. Sussman*, 47 N.Y.2d 849, 850, 418 N.Y.S.2d 768, 392 N.E.2d 881 (1979); *Gordon v. Gordon*, 70 A.D.2d 86, 419 N.Y.S.2d 684, 687 (App.Div.2d Dept.1979), *aff'd* 52 N.Y.2d 773, 436 N.Y.S.2d 621, 417 N.E.2d 1009 (1980). It is clear that the funds deposited in Cruz's UGMA trust were not a gift to Cruz; the *Zebley* lump-sum payment at all times belonged to Cruz as the disabled minor entitled to receive the SSI benefits. Thus, Ortiz could not have made a gift of these funds to her daughter, nor could Cruz have made a gift of the funds to herself. Because Cruz's attempted UGMA trust is not effective under New York law, the funds therein have remained at all times under her control and thus must be treated as a countable resource by the Commissioner.

### The Commissioner Is Not Estopped from Finding Cruz Ineligible for Benefits.

In the alternative, Cruz argues that the Commissioner is estopped from finding that her UGMA trust is a countable resource. Cruz asserts that SSA publications upon which she allegedly relied made misleading statements about the suitability of using an UGMA trust to shield *Zebley* payments, and she further argues that the SSA failed to respond to Cruz's alleged request for advice on whether an UGMA trust would be effective.

Cruz claims to have relied on information provided in three SSA publications: the pamphlet included with her original notice, the November 1992 edition of the SSA newsletter, "The Social Security Courier," and the SSA's Program Operations Manual System, an instructional manual for SSA employees. However, no section of any of these publications recommends or even suggests that an UGMA trust will be effective to shield retroactive benefit payments. Therefore, Cruz could not have been misled by these publications.

Furthermore, even if an SSA publication had in error recommended use of an UGMA trust, any such mistaken advice by the SSA could not be the basis for an estoppel. It is well established that the Government is held to a different standard than private entities and will be estopped only where the Government engaged in affirmative misconduct. *See City of New York v. Shalala*, 34 F.3d 1161, 1168 (2d Cir.1994). A plaintiff must establish more than mere negligence or that an agency mistakenly gave incorrect advice. *See Azizi v. Thornburgh*, 908 F.2d 1130, 1136 (2d Cir.1990). Thus, any mistaken advice regarding the creation of an UGMA trust could not in itself constitute the affirmative misconduct necessary to estop the SSA. *See Schweiker v. Hansen*, 450 U.S. 785, 788–89, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981); *Scime v. Bowen*, 822 F.2d 7, 9 (2d Cir.1987).

■ Although there is no evidence in the Record to support her claim, Cruz also claims that Ortiz sought advice from her local SSA office regarding her use of an UGMA trust to shield her daughter's *Zebley* award. She argues that, because the SSA allegedly never responded to her request, the SSA should be estopped from finding her financially ineligible. However, as the cases cited above clearly estab-

---

3. In 1996 the New York State Legislature enacted the Uniform Transfers to Minors Act, L.1996, ch. 304, and thereafter repealed the UGMA. The UGMA, however, continues to govern the validity of transfers made before the end of 1996. *See* EPTL 7–6.22.

lish, the SSA could not now be estopped even if an employee of the SSA had responded to her request and assured Cruz that an UGMA trust would be effective. *See Schweiker*, 450 U.S. at 788–89, 101 S.Ct. 1468; *Scime*, 822 F.2d at 9. Thus, clearly the SSA's failure to respond cannot now estop the Commissioner from finding Cruz ineligible.

### CONCLUSION

For the reasons set forth above, the Court denies Cruz's motion for judgment on the pleadings and grants the Commissioner's cross-motion for judgment on the pleadings. The Clerk of Court is directed to enter Judgment accordingly and to close this action.

It is **SO ORDERED**.