William G. **RIPLINGER,**
Plaintiff-Appellant,

v.

**UNITED STATES** of America,
Defendant-Appellee.

No. 81–3626.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 1982.

Decided Jan. 5, 1983.

---

Charles E. Welsh, Seattle, Wash., for plaintiff-appellant.

Donald M. Currie, Asst. U.S. Atty., Seattle, Wash., for defendant-appellee.

Before KILKENNY, KENNEDY and SKOPIL, Circuit Judges.

KENNEDY, Circuit Judge:

Appellant Riplinger, a contract analyst for the Department of the Navy, was recruited from the private sector with the express representation that he would be employed initially at grade GS–11, step 10. Through a series of administrative errors, none attributable to Riplinger, necessary government approval for step increases was not obtained, and the maximum pay authorized by statute and regulations was GS–11, step 1. In grade GS–11, the pay for step 1 is considerably less than for step 10.

Riplinger learned of his appointment at grade GS–11, step 1, after he had entered upon duty, and he began prompt action for administrative relief. This suit followed, with a claim for money damages under a breach of contract theory based on Tucker Act jurisdiction under 28 U.S.C. § 1346(a)(2), or alternatively, for back pay under the Back Pay Act, 5 U.S.C. § 5596. All parties admit the correctness of Riplinger's factual recitals, and all should admit the equity of his claim, but it is well-settled that the law provides no relief.

■ The Back Pay Act is of no avail to appellant. The statute permits recovery where an employee suffers injury from wrongfully reduced or improperly calculated pay, measured by the emoluments of his duly appointed position. *United States v. Testan,* 424 U.S. 392, 407, 96 S.Ct. 948, 957, 47 L.Ed.2d 114 (1976); *Donovan v. United States,* 580 F.2d 1203, 1208 (3d Cir.1978). The question here is the rank and appointment to which appellant was entitled at the outset; and as we conclude that he was not entitled to appointment at step 10 of grade GS–11, the Back Pay Act simply is not applicable.

■ Whatever may be the case where the status of an employee is not specified by the Congress, *see Hopkins v. United States,* 427 U.S. 123, 96 S.Ct. 2508, 49 L.Ed.2d 361 (1976), where the position held is an appointment provided for by law, a federal employee is entitled only to the salary of the appointed position. In this respect, it is said that federal employees serve by appointment, not by contract. Though a distinction between appointment and contract may sound dissonant in a regime accustomed to the principle that the employment relationship has its ultimate basis in contract, the distinction nevertheless prevails in government service. The terms of the appointment displace previous understandings, understandings that in other contexts might have created a contractual right. In so holding, it appears the courts follow the rationale that the government should not be bound by representations at variance with promulgated statutes and regulations fixing the pay of its employees, a rule sometimes expressed simply as a part of the doctrine of sovereign immunity. *See United States v. Testan,* 424 U.S. 392 at 400, 96 S.Ct. at 954.

We agree with the Court of Claims in *Shaw v. United States,* 640 F.2d 1254, 1260 (1981), which declared:

[P]laintiff may not base his theory of recovery on contract law since he was a federal employee. Federal officials who by word or act generate expectations in persons they employ do not *ipso facto* create a contract liability running from the Federal Government to the employee,

as they might if the employer were not the government.

■ Federal employees are not entitled to rely upon the promises of government officials that they will be appointed to a particular grade or step, *id.;* and *see Ganse v. United States,* 376 F.2d 900 (Ct.Cl.1967). The appointment of federal employees is a discretionary act, *see Sampson v. Murray,* 415 U.S. 61, 70 n. 17, 94 S.Ct. 937, 943 n. 17, 39 L.Ed.2d 166 (1974); *United States v. Testan,* 424 U.S. at 406, 96 S.Ct. at 957, and the emoluments they are entitled to receive is determined by statute, not by prior representations respecting pay or grade.

Accordingly, the judgment of the district court is AFFIRMED.