**Bernard W. GOOD, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 90–1063 C.**

United States Claims Court.

Aug. 22, 1991.

Marshall A. Martin, Scottsdale, Ariz., atty. of record, for plaintiff.

Samuel C. Watkins, with whom were Director David M. Cohen, Asst. Director Thomas W. Peterson, and Asst. Atty. Gen. Stuart M. Gerson, Dept. of Justice, Washington, D.C., for defendant.

## ORDER

### GRANTING DEFENDANT'S MOTION TO DISMISS

and

### DIRECTING ENTRY OF JUDGMENT DISMISSING THE COMPLAINT

WIESE, Judge.

Plaintiff, Bernard W. Good, seeks damages from the United States for breach of contract. The alleged breach occurred when plaintiff's employer, the United States Fish and Wildlife Service, failed to expunge certain documents from his personnel file as required by the terms of a settlement agreement formalized before the Merit Systems Protection Board (the "Board"). The case is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction.

The matter has been fully briefed and argument on the motion was heard on August 15, 1991. At the conclusion of the argument the court entered a bench ruling in defendant's favor. This Order formalizes that ruling.

## I

In 1988, plaintiff appealed to the Merit Systems Protection Board a decision of the Fish and Wildlife Service denying him a within-grade pay increase. In proceedings before the administrative law judge to whom the case had been assigned, plaintiff and the Fish and Wildlife Service decided to settle the matter. Under the terms of the settlement agreement, which was adopted and formalized in a decision issued by the Board on April 25, 1988, the Fish and Wildlife Service agreed to grant plaintiff a within-grade pay increase and to expunge from his personnel file any mention of his poor job performance rating and the pay dispute resulting from his challenge of that evaluation.

In May 1989, plaintiff discovered that the Fish and Wildlife Service had failed to expunge his personnel records as required by the settlement agreement. Plaintiff now argues that this failure to correct his records was a breach of contract resulting in lost promotion opportunities, lost wages and benefits and damage to his professional and personal reputation. His suit here seeks compensation for these claimed losses. The Government has moved for dismissal of the action on the ground that plaintiff's remedy lies exclusively within the province of the Board. We agree.

## II

The wrong about which plaintiff complains—the agency's failure to remove

false and misleading information from his personnel file allegedly resulting in a loss of job opportunities—revisits the same problem that had taken plaintiff to the Board in the first instance. Since the present grievance grows out of the employing agency's failure to honor a commitment fashioned under the auspices of the Board, the redress of this grievance must similarly be sought from that body.

The Merit Systems Protection Board, no less than any other adjudicatory tribunal, retains the authority, exercisable within its jurisdictional limits, to insure the enforcement of its decisions and orders. *See Pam–To–Pee v. United States*, 187 U.S. 371, 382, 23 S.Ct. 142, 147, 47 L.Ed. 221 (1902) ("[t]he jurisdiction of a court is not exhausted by the mere entry of a judgment. It always has power to inquire whether that judgment has been executed...."). Indeed, the Board's decisions acknowledge this point. *See, e.g., Smith v. Dep't of Veterans Affairs*, 47 M.S.P.R. 297, 303 (1991) ("when a settlement agreement has been entered into the record as voluntarily reached and lawful on its face, the Board retains jurisdiction to enforce its terms in the same way it retains jurisdiction to enforce any final decision").

Plaintiff argues against this conclusion. His contention is that the suit he is presenting here is not one grounded in his original grievance, but rather is a new cause of action growing out of the Government's failure to honor a settlement agreement. Thus, where his former action sought the vindication of rights recognized in the Civil Service Reform Act of 1978, Pub.L. No. 95–454, 92 Stat. 1111 *et seq.* (codified, as amended, in various sections of 5 U.S.C. (1988)), the present suit is said to derive from a contract the breach of which is actionable under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1988).

The court cannot endorse this analysis. Where the position held by a federal employee is pursuant to an appointment specified by law, the rights and protections accorded that position are governed exclusively by statute. *Riplinger v. United States*, 695 F.2d 1163 (9th Cir.1983). The employing agency has no authority to supplement those rights and protections by a promise to respond in damages should it fail to accord the employee the emoluments of his office. *Shaw v. United States*, 226 Ct.Cl. 240, 251, 640 F.2d 1254, 1260 (1981).

Moreover, even if we assume the existence of such authority in the agency, the settlement agreement would still fail as a contract. That agreement does not contemplate an enlargement of plaintiff's rights; it is, rather, only an acknowledgment of his existing entitlements. Thus, the agreement is enforceable not because of a promise made by the Government but because of the Government's pre-existing legal duties to plaintiff. In short, the element of "exchange" on which the notion of a contract depends, is not present here. Restatement (Second) of Contracts § 73 (1981) ("[p]erformance of a legal duty owed to a promisor which is neither doubtful nor the subject of honest dispute is not consideration....").

## III

Plaintiff's remedy lies exclusively within the jurisdiction of the Merit Systems Protection Board. *United States v. Fausto*, 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988). Accordingly, defendant's motion to dismiss for lack of subject matter jurisdiction is granted. The Clerk shall enter judgment dismissing the complaint. No costs.