[No. 13804-6-III.    Division Three.    July 18, 1995.]

GERRY S. WEBER, *Appellant*, v. DEPARTMENT OF CORRECTIONS, *Respondent*.

*Kristian E. Hedine, Reese, Baffney, Schrag & Hedine*, for appellant.

*Glenn A. Anderson, Assistant Attorney General*, for respondent.

MUNSON, J. — Gerry S. Weber appeals the summary judgment dismissal of his breach of employment contract claim against the Department of Corrections. We hold his claim is precluded by the State Civil Service Law (RCW 41.06) and affirm.

Mr. Weber holds a Ph.D. in Psychology, but is not yet licensed by the State of Washington as a clinical psychologist. He is now employed as a Psychologist 4 at the Washington State Penitentiary in Walla Walla. Mr. Weber previously worked at the penitentiary as a Psychologist 4 from April 1981 until October 1988. After leaving, he accepted a position in Oregon with Umatilla County Mental Health. In both February and August 1990, Ron Lindquist, health care manager at the penitentiary, called Mr. Weber and asked if he would consider returning to the penitentiary. In the August discussion, Mr. Lindquist offered Mr. Weber a position as a Psychologist 5. A Psychologist 5 must have a license as a clinical psychologist, while a Psychologist 4 need not. As a result, a Psychologist 5 is paid more than a Psychologist 4. Mr. Weber asked whether the fact he lacked the license was a problem, and Mr. Lindquist told him the requirement would be waived.

Mr. Weber accepted the position with the penitentiary and submitted his resignation to the mental health facility. Some time later, he received a call from Mr. Lindquist indicating the state personnel office would not waive the license requirement. He then asked the Oregon mental health facility if his position there was still available and was told it was not. Mr. Weber accepted a position as Psychologist 4 at the penitentiary. He discussed the problem with the Department of Personnel at the penitentiary, but did not appeal to the Personnel Appeals Board (PAB). Mr. Weber sued the Department of Corrections (Department), alleging it had breached its contract to hire him as a Psychologist 5. The trial court granted the Department's motion for summary judgment and dismissed Mr. Weber's claims.

In a review of a summary judgment, this court engages in the same analysis as did the trial court on summary judgment. *Rice v. Dow Chem. Co.*, 124 Wn.2d 205, 208, 875 P.2d 1213 (1994). While all facts, and all reasonable inferences therefrom, are determined in favor of the nonmoving party, *Id.* at 208, the facts here are essentially undisputed. Issues of law are reviewed de novo. *Id.* at 208.

Before addressing the merits of Mr. Weber's claim, we address the State's contention that Mr. Weber's claim is barred because he did not appeal to the PAB within the 30 days provided by RCW 41.06.170(2). Mr. Weber argues that because he was not yet a state employee at the time of the alleged breach, the PAB had no jurisdiction. An employee who is "reduced, dismissed, suspended, or demoted, after completing his or her probationary period" or an employee "who is adversely affected by a violation of the state civil service law" has the right to appeal to the PAB. RCW 41.06.170(2). At the time of the alleged breach, Mr. Weber had not started his employment and he does not argue the alleged breach was a violation of the State Civil Service Law. Here Mr. Weber raised two questions of law—whether the oral statements give rise to a contract

or to an estoppel. "The declaration of legal rights and interpretation of legal questions is the province of the courts and not of administrative agencies". *State ex rel. Graham v. Northshore Sch. Dist. 417*, 99 Wn.2d 232, 240, 662 P.2d 38 (1983). Mr. Weber's claims are not barred by his failure to appeal to the PAB.

Although not addressed by Mr. Weber, the threshold issue in this case is whether a state employee covered by Washington's State Civil Service Law may bring a breach of contract action against the State arising out of his employment.

■ In Washington, terms and conditions of public employment are controlled by statute, not by contract.[1] *Washington Fed'n of State Employees v. State*, 101 Wn.2d 536, 682 P.2d 869 (1984); *Greig v. Metzler*, 33 Wn. App. 223, 653 P.2d 1346 (1982). RCW 41.06.010 states the purpose of the legislation:

> The general purpose of this chapter is to establish for the state a system of personnel administration based on merit principles and scientific methods governing the *appointment*, . . . [and] *classification* . . . of its civil employees, and other incidents of state employment. All appointments and promotions to positions, and retention therein, in the state service, shall be made on the basis of the policies hereinafter specified.

(Italics ours.)

■ In *Riplinger v. United States*, 695 F.2d 1163 (9th Cir. 1983), the court addressed a very similar factual scenario under the federal civil service system. Mr. Riplinger accepted a civil service position based on representations he would be hired at a certain grade and pay level. His appointment at that grade was not approved, and he was paid significantly less. He sued the federal government, alleging breach of contract. The Ninth Circuit affirmed the dismissal of his claim, holding contract law does not apply to federal civil service employment. The court stated:

---

[1]We recognize the State does enter into written employment contracts with individuals on specific occasions. This is not such an instance.

where the position held is an appointment provided for by law, a federal employee is entitled only to the salary of the appointed position. In this respect, it is said that federal employees serve by appointment, not by contract. Though a distinction between appointment and contract may sound dissonant in a regime accustomed to the principle that the employment relationship has its ultimate basis in contract, the distinction nevertheless prevails in government service. The terms of the appointment displace previous understandings, understandings that in other contexts might have created a contractual right. In so holding, it appears the courts follow the rationale that the government should not be bound by representations at variance with promulgated statutes and regulations fixing the pay of its employees . . . .

*Riplinger*, at 1164. The reasoning of *Riplinger* is equally valid when state civil service is at issue. As a civil servant, Mr. Weber may not raise a contract claim against the State when that suit arises from his employment.

■ Mr. Weber also contends the State should be equitably estopped from denying the agreement to hire him as a Psychologist 5. However, just as contract law may not be used to circumvent the civil service law, neither may the doctrine of equitable estoppel. The court in *Kizas v. Webster*, 707 F.2d 524, 535 (D.C. Cir. 1983), *cert. denied*, 464 U.S. 1042 (1984) stated "courts have consistently refused to give effect to government-fostered expectations that, had they arisen in the private sector, might well have formed the basis for a contract or an estoppel". We agree.

Affirmed.

THOMPSON, C.J. and SCHULTHEIS, J., concur.