**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

EMERENCIANA PETER-PALICAN,
*Plaintiff-Appellant*,

v.

GOVERNMENT OF THE
COMMONWEALTH OF THE NORTHERN
MARIANA ISLANDS; ELOY S. INOS,
Governor of the Commonwealth of
the Northern Mariana Islands, in his
official capacity,[*]
*Defendants-Appellees*.

No. 13-17099

D.C. No.
1:07-cv-00022

OPINION

Appeal from the United States District Court
for the District of the Northern Mariana Islands
John C. Coughenour, Senior District Judge, Presiding

Submitted July 23, 2014[**]
San Francisco, California

Filed September 17, 2014

---

[*] Governor Eloy S. Inos is substituted for his predecessor, Governor Benigno R. Fitial, pursuant to Fed. R. App. P. 43(c)(2).

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: Alfred T. Goodwin, Stephen S. Trott,
and Mary H. Murguia, Circuit Judges.

Per Curiam Opinion

## SUMMARY[***]

### Civil Rights

Following a prior remand in *Peter-Palican v. Gov't of N. Mariana Islands*, 695 F.3d 918, 920 (9th Cir. 2012), the panel affirmed the district court's summary judgment in favor of the Commonwealth of the Northern Mariana Islands and Governor Eloy S. Inos in Emerenciana Peter-Palican's action arising from her termination from her position as Special Assistant to the Governor for Women's Affairs.

The panel held that the district court properly granted summary judgment on Peter-Palican's retaliation claim because she failed to raise a triable dispute as to whether she did not hold a "policymaking or confidential" position. The district court properly granted summary judgment on the breach of contract claim because it was undisputed that Peter-Palican held her position by virtue of appointment rather than by contract.

The panel held that the district court properly granted summary judgment on Peter-Palican's estoppel claim, first, because she failed to raise a triable dispute as to whether

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

government officials engaged in any affirmative misconduct going beyond mere negligence, as required for equitable estoppel. Second, Peter-Palican failed to raise a triable dispute as to whether the Commonwealth gained an advantage by asserting one position, and then later sought an advantage by taking a clearly inconsistent position, as required for judicial estoppel.

The panel denied the Commonwealth's request for sanctions against Peter-Palican and her attorney.

## COUNSEL

Douglas F. Cushnie, Proas Lane, Saipan, Commonwealth of the Northern Mariana Islands, for Plaintiff-Appellant.

Joey P. San Nicolas, Attorney General, David Lochabay, Assistant Attorney General, Office of the Attorney General, Saipan, Commonwealth of the Northern Mariana Islands, for Defendant-Appellee.

## OPINION

PER CURIAM:

Emerenciana Peter-Palican appeals from the district court's summary judgment in favor of the Commonwealth of the Northern Mariana Islands and Governor Eloy S. Inos (collectively, "the Commonwealth") in Peter-Palican's 42 U.S.C. § 1983 action arising from her termination from her position as Special Assistant to the Governor for Women's Affairs. In an earlier appeal, we vacated the district

court's judgment in favor of Peter-Palican because the Commonwealth Supreme Court's answer to our certified questions conclusively determined that Peter-Palican did not have a constitutionally protected interest in continued employment beyond the term of the governor who appointed her, and her termination without cause therefore did not violate the Due Process Clause. *Peter-Palican v. Gov't of N. Mariana Islands*, 695 F.3d 918, 920 (9th Cir. 2012). We remanded, however, for the district court to address Peter-Palican's retaliation, breach of contract, and estoppel claims in the first instance. *Id.* Peter-Palican now assigns error to the district court's grant of summary judgment on those claims. We have jurisdiction under 28 U.S.C. § 1291. On de novo review, *Biggs v. Best, Best & Krieger*, 189 F.3d 989, 993 (9th Cir. 1999), we affirm.

The district court properly granted summary judgment on Peter-Palican's retaliation claim because Peter-Palican failed to raise a triable dispute as to whether she did not hold a "policymaking or confidential" position. *See id.* at 994–95 ("[A]n employee's status as a policymaking or confidential employee [is] dispositive of any First Amendment retaliation claim.").

The district court properly granted summary judgment on Peter-Palican's breach of contract claim because it is undisputed that Peter-Palican held her position by virtue of appointment rather than by contract. *See Riplinger v. United States*, 695 F.2d 1163, 1164 (9th Cir. 1983) ("Though a distinction between appointment and contract may sound dissonant . . . , the distinction nevertheless prevails in government service. The terms of the appointment displace previous understandings, understandings that in other contexts might have created a contractual right.").

The district court properly granted summary judgment on Peter-Palican's estoppel claim, first, because Peter-Palican failed to raise a triable dispute as to whether government officials engaged in any affirmative misconduct going beyond mere negligence, as required for equitable estoppel. *See Morgan v. Heckler*, 779 F.2d 544, 545 (9th Cir. 1985) ("[Equitable] estoppel against the government must rest upon affirmative misconduct going beyond mere negligence." (citation omitted)); *see also Mukherjee v. I.N.S.*, 793 F.2d 1006, 1009 (9th Cir. 1986) (defining affirmative misconduct as "a deliberate lie . . . or a pattern of false promises"). Second, Peter-Palican failed to raise a triable dispute as to whether the Commonwealth "gain[ed] an advantage by asserting one position, and then later [sought] an advantage by taking a clearly inconsistent position," as required for judicial estoppel. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).

The Commonwealth's request for sanctions against Peter-Palican and her attorney, raised in its answering brief, is denied.

**AFFIRMED.**