# In the United States Court of Federal Claims

No. 21-917C
(Filed: June 22, 2021)
**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JEFFREY S. BROCKMEIER, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Jeffery S. Brockmeier — representing himself[1] — seeks lost wages and damages allegedly resulting from Defendant's breach of a pre-employment agreement to appoint him on a certain date. Compl. at 3 (ECF 1). Defendant moved to dismiss under RCFC 12(b)(1) and (b)(6).[2] The motion to dismiss is **GRANTED** and Mr. Brockmeier's request for alternative dispute resolution is **DENIED AS MOOT**.

## BACKGROUND

Mr. Brockmeier received an official job offer for an attorney-advisor position with the Department of the Army on August 5, 2020. Compl. at 2, Ex. 1.[3] The Army offered a start date of August 31, 2020 and an annual salary of $118,074. *Id.* He accepted that day and began planning accordingly. *Id.* at 2. In reliance on the offer, he turned down two competing job offers, entered a new lease, and moved his family into a new home. Compl. Continuation Page. It appears that the Army was aware of Mr. Brockmeier's reliance. *See* Pl.'s Opp. Exhs. 1, 4, 5.

Because the military had recently discharged Mr. Brockmeier, the Army would have needed a "180 day waiver" to appoint him to a civilian role on the parties' planned timeline. *Id.*; *see* 5 U.S.C. § 3326 (limiting appointment of former service members within 180 days after retirement, except with prior authorization). All

---

[1] Mr. Brockmeier, though proceeding pro se, is an attorney. *See* Compl. Ex. 1 (attorney-advisor offer).

[2] *See* Def.'s Mot. to Dismiss (ECF 9); Pl.'s Opp. and Req. for ADR (ECF 10); Def.'s Reply (ECF 11).

[3] When resolving a motion to dismiss the Court accepts all well pleaded facts as true. *Call Henry, Inc. v. United States*, 855 F.3d 1348, 1354 (Fed. Cir. 2017). The Court also relies on documents attached to the Complaint and to Mr. Brockmeier's opposition to the government's motion to dismiss. *See Indium Corp. of Am. v. Semi-Alloys, Inc.*, 781 F.2d 879, 884 (Fed. Cir. 1985) ("In deciding such a Rule 12(b)(1) motion, the court can consider … evidentiary matters outside the pleadings.").

parties knew securing a waiver might delay Mr. Brockmeier's appointment. *See* Compl. Continuation Page. Still, the Army offered — and Mr. Brockmeier accepted — the job because both thought the Army received approval to use a Covid-19 direct-hire authority to bypass the waiver. *Id.*

But a week before Mr. Brockmeier's start date, the Army told him its direct-hire approval was issued in error: They would both need to wait for the 180-day waiver before he could start. The Army could not tell him how long the delay might last. Because of the error, Mr. Brockmeier had to withdraw from his savings plan, collect unemployment, and find another job. The Army only extended a second offer on December 2, 2020 — two days after Mr. Brockmeier started another job. *Id.*

Mr. Brockmeier seeks $35,000 for breach of contract/lost wages plus costs. Compl. at 3. He also pleaded emotional distress and reputational harm. *See* Compl. Continuation Page.

## DISCUSSION

Mr. Brockmeier's claim is based on alleged breach of an "official agreement to appoint [him] on a particular day[.]" Pl.'s Opp. at 4. For the Court to have jurisdiction, the alleged "agreement" must have constituted an express or implied-in-fact contract with the federal government. *See Hercules, Inc. v. United States*, 516 U.S. 417, 423 (1996).[4] Actual or implied-in-fact contracts with the government require proof of "(1) mutuality of intent; (2) consideration; (3) lack of ambiguity in offer and acceptance; and (4) actual authority on the part of the government's representative to bind the government in contract." *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012); *see also Trauma Service Grp v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997) ("The general requirements for a binding contract with the United States are identical for both express and implied contracts."). Mr. Brockmeier must plead each of those elements in order to state a claim. *Perry v. United States*, 149 Fed. Cl. 1, 20 (2020), *appeal filed*, No. 20-2084 (Fed. Cir. July 28, 2020).

The problem with Mr. Brockmeier's theory is that his government job — like most government positions — would have been by appointment, not contract. 5 U.S.C. § 2105(a)(1) ("'employee', … means … an individual who is — (1) appointed in the civil service[.]"); *see Hamlet v. United States*, 63 F.3d 1097, 1101 (Fed. Cir. 1995) (citing *Chu v. United States*, 773 F.2d 1226, 1229 (Fed. Cir. 1985))). The statute that delayed his start date, 5 U.S.C. § 3326, expressly refers to appointments. *See Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 736 (1982) (determining that respondent's position was appointed based on regulatory language that "connote[d]

---

[4] A contract implied in fact is an agreement "founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding,'" *Hercules*, 516 U.S. at 424 (quoting *Baltimore & Ohio R. Co. v. United States*, 261 U.S. 592, 597 (1923)). This Court's jurisdiction does not extend to contracts implied in law, that is, circumstances where "there is no actual agreement between the parties, but the law imposes a duty in order to prevent injustice." *Int'l Data Prods. Corp. v. United States*, 492 F.3d 1317, 1325 (Fed. Cir. 2007); *see also United States v. Mitchell*, 463 U.S. 206, 218 (1983) (citing *Merritt v. United States*, 267 U.S. 338, 341 (1925)).

appointment rather than contract"). His offer letter notes that his "*appointment* may be subject to a suitability or fitness determination[.]" Compl. Ex. 1 (emphasis added). His right to government employment was thus based not on any contract or agreement with the United States, but on the statutes and regulations governing the appointment. *See Butler v. Com. of Pennsylvania*, 51 U.S. 402, 416 (1850). The government representatives he dealt with therefore lacked "actual authority" to agree to appoint him on the day he expected. *Kam-Almaz*, 682 F.3d at 1368. As a matter of law, he therefore cannot plead an element of his claim.

That result — assuming the truth of Mr. Brockmeier's allegations — is undeniably harsh. Though the "distinction between appointment and contract may sound dissonant in a regime accustomed to the principle that the employment relationship has its ultimate basis in contract, the distinction nevertheless prevails in government service." *Adams v. United States*, 391 F.3d 1212, 1221 (Fed. Cir. 2004) (citations and internal quotations omitted) (quoting *Kizas v. Webster*, 707 F.2d 524, 535 (D.C. Cir. 1983) (itself quoting *Riplinger v. United States*, 695 F.2d 1163, 1164 (9th Cir. 1983))). Thus, "courts have consistently refused to give effect to government-fostered expectations that, had they arisen in the private sector, might well have formed the basis for a contract or an estoppel." *Id.* (quoting *Kizas*, 707 F.2d at 535).

Mr. Brockmeier makes two main points in response. First, conceding that he had no contractual right to the position itself, Pl.'s Opp. at 7, he argues that a pre-employment "agreement to appoint [him] on *a particular day*" in the future is distinguishable from an agreement to appoint him. *Id.* at 8. But that is a distinction without a difference. Promises of future federal employment (or the terms of such employment) are not enforceable contracts either. *See, e.g., Briddell v. United States*, No. 11-889C, 2012 WL 3268658, at *4 (Fed. Cl. Aug. 10, 2012); *Ganse v. United States*, 376 F.2d 900, 902 (Ct. Cl. 1967); *Riplinger*, 695 F.2d at 1165; *National Treasury Employees Union v. Reagan*, 663 F.2d 239, 249–50 (D.C. Cir. 1981). If a government representative cannot bind the government to appoint him at all, it follows that the representative cannot bind the government to appoint him at a specific time.

Second, he argues that the government is estopped from denying that there was an implied-in-fact contract. Pl.'s Opp. at 5–7. Specifically, he alleges (1) a promise "to appoint [him] on a particular day," *id.* at 4; (2) an expectation that the promise would induce action because the Army knew about his situation and expected him to rely on the appointment date, *id.* at 6; and (3) that he "actually relied on the official offer to [his] detriment," *id.* This is an argument for recovery based on promissory estoppel, "[r]egardless of how [Mr. Brockmeier] labels the claim in the complaint." *See Carter v. United States*, 98 Fed. Cl. 632, 639 (2011); *see also* Restatement (Second) of Contracts § 90 (providing for enforcement of "[a] promise which the promisor should reasonably expect to induce action … on the part of the promisee … and which does induce such action"); *id.* comment a (this type of contract "is often referred to in terms of 'promissory estoppel'"). Promissory estoppel is substantively equivalent to a theory of contract implied in law, and therefore outside this Court's jurisdiction to address. *See Brenes v. United States*, 152 Fed. Cl. 365, 371 (2021) (comparing a

detrimental reliance argument to "promissory estoppel — which seeks a judicially enforced performance of a promise[,]" which was "no different than an implied-in-law contract" (quoting *Carter v. United States*, 98 Fed. Cl. 632, 638 (2011)).

The negotiations between Mr. Brockmeier and the Army, in short, could not create a contract. The complaint therefore must be dismissed because the facts, as asserted, do not entitle Mr. Brockmeier to any legal remedy. *Welty v. United States*, 926 F.3d 1319, 1323 (Fed. Cir. 2019). Given that Mr. Brockmeier has failed to state a claim, there is no reason to reach the parties' arguments concerning the damages to which he would have been entitled.

## CONCLUSION

For the foregoing reasons, Mr. Brockmeier has failed to state a claim upon which relief may be granted. Defendant's Motion to Dismiss is **GRANTED**. The complaint is **DISMISSED** and Mr. Brockmeier's request for alternative dispute resolution is **DENIED AS MOOT**.

The Clerk is directed to enter judgment accordingly.


**IT IS SO ORDERED.**

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge