IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| FRANK SHAW, | ) | No. 39651-7-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KITTITAS VALLEY FIRE AND | ) | |
| RESCUE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Defendant, | ) | |
| | ) | |
| WASHINGTON STATE DEPARTMENT | ) | |
| OF LABOR AND INDUSTRIES, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, J. — Frank Shaw appeals from a Department of Labor and Industries' decision denying his application for occupational disease benefits. We affirm.

FACTS

Frank Shaw worked from 1989 to 2007 as a firefighter and paramedic with the agency that ultimately became Kittitas County Fire and Rescue. In 2010, Mr. Shaw was diagnosed with posttraumatic stress disorder (PTSD) that, according to his treating psychiatrist, was triggered during Mr. Shaw's work with the agency. In 2015, Mr. Shaw filed a workers' compensation claim with the Department of Labor and Industries based

on his PTSD diagnosis.[1] The Department rejected his claim because, at the time, claims based on stress-induced mental conditions were not covered by law. Mr. Shaw appealed, but voluntarily dismissed his appeal in late 2015.

On June 7, 2018, the laws in Washington changed, to allow for occupational disease claims resulting from PTSD for certain firefighters, in an amendment to the Industrial Insurance Act, Title 51 RCW. *See* former RCW 51.08.142 (2018); LAWS OF 2018, ch. 264.

Mr. Shaw filed a new workers' compensation claim for his PTSD based on the 2018 statutory amendment. His claim was again rejected, but this time it was based on the Department's determination that the amendment did not cover Mr. Shaw because it did not apply to PTSD claims that manifested "prior to the presumptive date of June 7, 2018 as outlined under [S]ubstitute [Senate] [B]ill 6214," and Mr. Shaw had not been exposed to PTSD events since his last day of work in 2007, which predated the effective date of the amendment allowing for such claims. Admin. Rec. at 89.

Mr. Shaw appealed to the Board of Industrial Insurance Appeals (the Board), and moved for partial summary judgment on the issue of whether the amendment applied

---

[1] Mr. Shaw initially filed a report of industrial injury or occupational disease in December 2007 on the basis of "depression/stress." Admin. Rec. at 59.

retroactively to his claim. The Department filed a cross motion for summary judgment on the retroactivity issue, and two others: (1) that Mr. Shaw was precluded from relitigating his claim because the Department issued a final and binding decision in 2015 rejecting his claim for the same condition arising from the same employment, and (2) even if the statute applied retroactively, it would not apply to Mr. Shaw's claim because his PTSD manifested out of his employer's personnel action.

The Board granted the Department's motion for summary judgment only on the issue of retroactivity, affirming the Department's decision and finding the law did not apply to workers whose last injurious exposure or date of manifestation occurred prior to the June 7, 2018, amendment effective date. Mr. Shaw appealed to the Kittitas County Superior Court and the court affirmed on the same basis as the Board.

Mr. Shaw has filed a timely appeal.

ANALYSIS

Mr. Shaw argues the amendments to former RCW 51.08.142 and former RCW 51.32.185 (2018) operate retroactively, and thus apply to his claim for occupational disease benefits for the PTSD he suffered due to his employment as a firefighter and paramedic. This is a question of law that is reviewed de novo. *Weber v. Dep't of Corr.*, 78 Wn. App. 607, 609, 898 P.2d 345 (1995). We review the superior court's decision,

not the Board's, although our review is limited to the evidence presented to the Board. *DeYoung v. City of Mount Vernon*, 28 Wn. App. 2d 355, 358-59, 536 P.3d 690 (2023).

Washington state workers are entitled to disability benefits under the Industrial Insurance Act for occupational diseases. Occupational disease is defined as "such disease or infection as arises naturally and proximately out of employment under the mandatory or elective adoption provisions of this title." RCW 51.08.140. In 1988, the legislature enacted RCW 51.08.142, mandating that the Department should adopt a rule that all "claims based on mental conditions or mental disabilities caused by stress do not fall within the definition of occupational disease in RCW 51.08.140." LAWS OF 1988, ch. 161, § 16. However, in 2018, the legislature amended RCW 51.08.142 to expand the definition of occupational disease, by exempting certain firefighters with PTSD from the rule, barring mental health claims:

> Except as provided in (b) and (c) of this subsection, the rule adopted under subsection (1) of this section shall not apply to occupational disease claims resulting from posttraumatic stress disorders of firefighters as defined in RCW 41.26.030(16) (a), (b), (c), and (h) and firefighters, including supervisors, employed on a full-time, fully compensated basis as a firefighter of a private sector employer's fire department that includes over fifty such firefighters . . . .

Former RCW 51.08.142(2)(a); LAWS OF 2018, ch. 261, § 2. Additionally, a prima facie presumption for firefighters was created "that posttraumatic stress disorder is an

4

occupational disease under RCW 51.08.140." Former RCW 51.32.185(1)(b); LAWS OF 2018, ch. 261, § 3.

Mr. Shaw and the Department dispute whether the amendments are retroactive and therefore apply to claims that manifested prior to the 2018 amendments. "A statute is presumed to operate prospectively unless the legislature indicates that it is to operate retroactively." *Agency Budget Corp. v. Wash. Ins. Guar. Ass'n*, 93 Wn.2d 416, 424, 610 P.2d 361 (1980) (citing *Johnston v. Beneficial Mgmt. Corp. of Am.*, 85 Wn.2d 637, 641, 538 P.2d 510 (1975)); *see also Amburn v. Daly*, 81 Wn.2d 241, 246, 501 P.2d 178 (1972). "This presumption can only 'be overcome if (1) the [l]egislature explicitly provides for retroactivity; (2) the amendment is 'curative'; or (3) the statute is 'remedial[.]'''" *Densley v. Dep't of Ret. Sys.*, 162 Wn.2d 210, 223, 173 P.3d 885 (2007) (citations omitted).

Mr. Shaw does not claim that the 2018 amendments are curative. Thus, the only issues are whether the legislature has explicitly provided for retroactivity or whether the amendments are remedial.

Looking first to the retroactivity test, the legislature did not adopt any language explicitly providing for retroactivity. Mr. Shaw argues that the legislature's choice of various adjectives and verbs reveal retroactive intent. We reject this reasoning. An explicit choice as to retroactivity is not one that turns on analyzing subtle textual clues.

The legislature is well aware that it must make an explicit declaration if it intends a statute to have retroactive effect. It is accustomed to passing statutes with clear and explicit statements as to retroactivity. *See, e.g.*, RCW 51.32.187(5)(c); RCW 67.16.300; LAWS OF 2023, ch. 171 § 13; LAWS OF 2019, ch. 159 § 6; LAWS OF 2007, ch. 317, § 3. But no explicit statement was made here. Mr. Shaw's arguments to the contrary fail.

The remedial test also fails. A statute is remedial for retroactivity purposes if "it 'relates to practice, procedure, or remedies and does not affect a substantive or vested right.'" *DeYoung*, 28 Wn. App. 2d at 360 (quoting *Miebach v. Colasurdo*, 102 Wn.2d 170, 181, 685 P.2d 1074 (1984)); *see also Agency Budget Corp.*, 93 Wn.2d at 425. A statute is not remedial if it provides a litigant with a new substantive right that was not previously available. *Densley*, 162 Wn.2d at 224. Here, Mr. Shaw is arguing for retroactivity because he seeks benefits that were unavailable prior to the 2018 amendments. This is a quest to vindicate a substantive right. It is not merely a request for a retroactive procedure or remedy. We therefore cannot conclude the 2018 amendments were remedial. *See DeYoung*, 28 Wn. App. 2d at 361-63.

As a final argument, Mr. Shaw asserts that it is the date of the filing of a claim for benefits, not the date of manifestation of his condition, that determines whether his case falls under the 2018 amendments. According to Mr. Shaw, there are questions of fact as

to whether he actually filed a claim in 2015. Thus, he should be provided a hearing on whether his present claim triggered application of the current law.

We reject Mr. Shaw's argument that the law governing a request for benefits is set by the date of claim instead of the date of manifestation of the condition. The date of manifestation has long been the governing standard in our state. *See DeYoung*, 28 Wn. App. 2d at 363-64. Mr. Shaw has not pointed to any authority indicating we should hold otherwise.

## CONCLUSION

We agree with the superior court that Mr. Shaw did not qualify for benefits under the 2018 amendments to the Industrial Insurance Act. The matter is therefore affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____          _____
Staab, A.C.J.                                              Fearing, J.